THE FIRST NATIONAL BANK OF WILMINGTON, APPELLANT, *v.*
KOSYDAR, TAX COMMR., APPELLEE.

[Cite as First National Bank of Wilmington v.
Kosydar (1976), 45 Ohio St. 2d 101.]

(No. 75-385—Decided February 11, 1976.)

*Messrs. Jones, Day, Reavis & Pogue, Mr. Henry C. Harvey* and *Mr. Kenneth E. Updegraft, Jr.,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Clinton J. Miller* and *Mr. John C. Duffy, Jr.,* for appellee.

CELEBREZZE, J. The issue before the court is whether appellant (which since 1864 has continuously carried on the business of banking in Ohio) first "engaged in business" in this state for purposes of R. C. 5711.03 in May 1972, when it acquired and leased certain personal property.

The statutory provisions relevant to this appeal are set out as follows:

R. C. 5725.01(A) provides, in pertinent part:

"(A) 'Financial institution' includes every person

who keeps an office or other place of business in this state and engages in the business of receiving deposits, lending money, and buying or selling bullion, bills of exchange, notes, bonds, stocks, or other evidences of indebtedness with a view to profit * * *.''

R. C. 5711.01(B) provides, in pertinent part:

''(B) 'Taxpayer' means any owner of taxable property and includes every person residing in, or incorporated or organized by or under the laws of this state, or doing business in this state, or owning or having a beneficial interest in taxable personal property * * *.

''* * *

''Taxpayer excludes all * * * corporations, associations * * * who are defined in Title LVII [57] of the Revised Code as financial institutions * * * except to the extent they may be required by Sections 5711.01 to 5711.36, inclusive, of the Revised Code, to make returns as fiduciaries, or by Section 5725.26 of the Revised Code, to make returns of property leased, or held for the purpose of leasing, to others if the owner or lessor of the property acquired it for the sole purpose of leasing it to others.''

R. C. 5725.26 provides, in pertinent part:

''The real estate of a financial institution * * * shall be taxed in the place where it is located * * * but the taxes provided for in Sections 5725.01 to 5725.26, inclusive, of the Revised Code, shall be in lieu of all other taxes on the other property and assets of such institution * * * except personal property taxable under Chapter 5711 of the Revised Code and leased, or held for the purpose of leasing, to others if the owner or lessor of the property acquired it for the sole purpose of leasing it to others.''

R. C. 5711.03 provides, in pertinent part:

''* * * When a person or taxpayer engages in business in this state on or after the first day of January, in any year, he shall list all his taxable property, except inventory, as to value, ownership and taxing districts as of the date he engages in business. * * *''

R. C. 5711.04 provides, in pertinent part:

''* * * [W]hen a person or taxpayer engages in busi-

ness in this state after the first day of January in any year he shall make a return within ninety days of commencing such business * * *.''

In *Gulf Oil Corp.* v. *Kosydar* (1975), 44 Ohio St. 2d 208, we recently reiterated the established practice of this court in construing taxing statutes, as stated in paragraph one of the syllabus in *Davis* v. *Willoughby* (1962), 173 Ohio St. 338: ''Strict construction of taxing statutes is required, and any doubt must be resolved in favor of the citizen upon whom or the property upon which the burden is sought to be imposed.''

For reasons that will be set forth herein, we conclude that in applying the principle of law espoused in *Davis, supra,* and *Gulf Oil, supra,* the decision of the Board of Tax Appeals, being unreasonable and unlawful, must be reversed.

The Board of Tax Appeals, relying upon *Southland Stores No. 3* v. *Bowers* (1960), 171 Ohio St. 271, held:

''Under Revised Code Section 5711.01, *supra,* the appellant, although engaged in the banking business, did not become a 'taxpayer' as that term is defined in Revised Code Section 5711.01 (B) until it transferred the equipment to the lessee in May, 1972.

''Doing banking business is not the same as doing business for the purposes of Chapter 5711, Revised Code, and the Board of Tax Appeals finds no 'doctrine of relation back' provided for in a matter such as this.

''Taxing statutes must be read in light of what they actually say, without deleting words or conditions found therein or adding words and conditions not found therein. (*See: Wheeling Steel Corp.* v. *Porterfield* (1970), 24 Ohio St. 2d 24.)

''It is the finding of the Board of Tax Appeals that the appellant began to engage in business for the purpose of Revised Code Chapter 5711 in May, 1972, when it transferred the equipment to the lessee.''

The Board of Tax Appeals' reliance upon *Southland Stores* as a basis for its decision in the instant case is mis-

placed. *Southland Stores* involved a newly-established enterprise which was not engaged in *any* business prior to January 1st of the tax year for which a partial-year assessment was therein imposed. That decision cannot provide support for sustaining a partial-year assessment against appellant, which has continuously engaged in business in Ohio for over 100 years prior to January 1, 1972.

Appellee contends that since appellant had not previously been required to pay the tax on tangible personalty used in business due to the exemption of "financial institutions" from the payment of such tax contained in R. C. 5725.26, the first time it engaged in a nonexempt business ('holding personalty for the purpose of leasing), it rendered itself amenable to all provisions of R. C. Chapter 5711, including the R. C. 5711.03 and 5711.04 requirement of a first-year partial prorated return. Appellee contends further that since R. C. 5725.26 and 5711.01(B) each refer to the other, the two statutes should be construed *in pari materia.* As such, appellee maintains, the exemption from tangible personal property tax applies only to financial institutions not engaged in the business of leasing tangible personalty, and, contrariwise, when a financial institution does engage in such business, the full range of the R. C. Chapter 5711 tax applies.

We are not persuaded by appellee's logic or statutory construction. In *Columbus-Suburban Coach Lines* v. *Pub. Util. Comm.* (1969), 20 Ohio St. 2d 125, 127, this court stated that: "* * * In determining legislative intent it is the duty of this court to give effect to the words used, not to delete words used or to insert words not used." See, also, *Wheeling Steel Corp.* v. *Porterfield, supra* (24 Ohio St. 2d 24), at page 28.

The critical language involved herein, "engages in business," appearing in both R. C. 5711.03 and 5711.04, is a phrase of general application to all types of businesses. Webster's Third New International Dictionary defines the verb "engage" to mean "to begin and carry on an enterprise, esp. a business or profession."

Nowhere in the relevant statutory provisions did the General Assembly limit or restrict the meaning of the phrase "engages in business." If the General Assembly had intended R. C. 5711.03 and 5711.04 to apply to a taxpayer already engaged in *a* business, who then first engages in *another* business, it could easily have so provided. In the construction of a legislative enactment, the question is not what did the General Assembly intend to enact but what is the meaning of that which it did. *Slingluff* v. *Weaver* (1902), 66 Ohio St. 621. See, also, *Seeley* v. *Expert, Inc.* (1971), 26 Ohio St. 2d 61, 72; *United Steelworkers of America, AFL-CIO,* v. *Doyle* (1958), 168 Ohio St. 324, 325-326; *Goodyear Aircraft Corp.* v. *Peck* (1954), 162 Ohio St. 200, 202; *In re Torok* (1954), 161 Ohio St. 585, 589; *State* v. *Stevens* (1954), 161 Ohio St. 432, 435.

Giving effect to the plain and unambiguous meaning of the phrase "engages in business," we hold that the partial-year tax assessment mandated by R. C. 5711.03 does not apply to a taxpayer who does not *first* engage in business in Ohio on or after January 1st of a particular tax year. Since appellant has been continuously engaged in the business of banking in Ohio since 1864, R. C. 5711.03 does not apply to it during the tax year at issue herein.

For the foregoing reasons, the decision of the Board of Tax Appeals is unreasonable and unlawful, and is reversed.

*Decision reversed.*

O'Neill, C. J., Herbert, Corrigan, Stern, W. Brown and P. Brown, JJ., concur.