C & R WAREHOUSE, INC., APPELLANT, *v.*
LINDLEY, TAX COMMR., APPELLEE.

[Cite as C & R Warehouse v. Lindley (1980),
61 Ohio St. 2d 50.]

(No. 79-580—Decided January 9, 1980.)

*Messrs. Murphey, Young & Smith* and *Mr. Joseph C. Winner,* for appellant.

*Mr. William J. Brown,* attorney general, and *Ms. Barbara E. Lapworth,* for appellee.

WILLIAM B. BROWN, J.   To decide this cause, we must determine whether R. C. 5711.03 permits C & R to exclude from its taxable personal property for 1974 the wholesale inventory that Circle transferred to C & R on November 1, 1974.

In relevant part, R. C. 5711.03 provides:

"***When a person or taxpayer engages in business in this state on or after the first day of January, in any year, he shall list all his taxable property, except inventory, as to value, ownership and taxing districts as of the date he

engages in business. *In listing inventory as to ownership and taxing districts he shall list the probable average value intended to be used in business* from the date he engages in business until the first day of January next thereafter. The valuation of all property, including average inventory, to be returned for taxation shall be determined by multiplying the value, or average value of such property by a fraction whose numerator is the number of full months engaged in business during the year of engaging in business, and whose denominator is twelve, *unless he shows the assessor, under oath, and by producing a copy of the return or assessment, that the same property has been listed or assessed for taxation for said year in this state.*" (Emphasis added.)

The sole issue in dispute is the construction of the above "same property" requirement as applied to the transferred inventory. The parties agree that C & R has a right under R. C. 5711.03 to exclude the transferred inventory from its 1974 taxable personal property if that "same property has been listed or assessed for taxation [by Circle] for* * * [1974]* * *." There is also no dispute that the above exclusion was included in R. C. 5711.03 to prevent double taxation of transferred personal property in certain circumstances.[1]

C & R's construction of R. C. 5711.03 assumes that the term "same property" refers to inventory as a whole. Since Circle had properly estimated and listed its average inventory for 1974, "same property" would thus be a reference to that portion of this average which relates to the transferred inventory. As such, C & R argues that R. C. 5711.03 permits it to exclude the value of the transferred inventory from its "probable average value" of inventory (*i.e.,* taxable personal property) for 1974.

On the other hand, the Tax Commissioner assumes that "same property" refers to the *individual* items of inventory. He then argues that for C & R to establish its right to the above exclusion, it must prove that the specific items of transferred inventory were those which Circle had actually listed for 1974. C & R cannot of course meet this burden.

---

[1] R. C. 5711.03 contemplates that the *transferee* is to effect the adjustments necessary to avoid double taxation. The *transferor* clearly cannot, since R. C. 5711.03 provides that "[t]he subsequent transfer of any taxable property shall not authorize any taxpayer to omit the same from his return* * *."

Since, pursuant to R. C. 5711.15[2] and 5711.101,[3] Circle was required to estimate its 1974 inventory based on its average monthly inventory for its fiscal year ended September 30, 1973, and since Circle's inventory turned over more frequently than once per year, it is unlikely that the inventory items transferred to C & R on November 1, 1974, were the specific items on hand during the above fiscal year.

C & R's assumption that "same property" as applied to transferred inventory refers to inventory as a whole is consistent with the other provisions of R. C. Chapter 5711 applicable to inventory valuation for personal property tax purposes. Pursuant to R. C. 5711.03, 5711.15 and 5711.101, a merchant estimates its present calendar year inventory value by averaging monthly amounts included in either the immediately preceding calendar year or the most recently ended fiscal year.[4] Thus, even with respect to situations where *no* transfer occurs, the specific inventory items which constitute the basis for a merchant's present calendar year estimation can rarely be identified. If a merchant need not identify specific items of inventory in listing its inventory for personal property tax purposes, a transferee of a merchant's

---

[2] R. C. 5711.15, in relevant part, provides:

"A merchant in estimating the value of the personal property held for sale in the course of his business shall take as the criterion the average value of such property, as provided in this section of the Revised Code, which he has had in his possession or under his control during the year ending on the day such property is listed for taxation, or the part of such year during which he was engaged in business. Such average shall be ascertained by taking the amount in value on hand, as nearly as possible, in each month of such year, in which he has been engaged in business, adding together such amounts, and dividing the aggregate amount by the number of months that he has been in business during such year."

[3] R. C. 5711.101, in relevant part, provides:

"A taxpayer who is required to file a financial statement or balance sheet of his business pursuant to this section may be authorized or required by the commissioner to list his taxable property as of the close of business at the end of his fiscal year, instead of as of the day otherwise prescribed by section 5711.03 of the Revised Code."

[4] R. C. 5711.03 generally provides that "taxable personal property***used in business shall be listed as of***the last day of December, annually,***." R. C. 5711.101 authorizes the commissioner to except from this rule by authorizing or requiring a business taxpayer "to list his taxable personal property as of***the end of his fiscal year***." In either event, R. C. 5711.15 instructs that the criterion for inventory valuation is a merchant's monthly average of inventory "in his possession***during the year ending on the day such property is listed for taxation***."

business or unit thereof, in attempting to avoid a duplication of the above listing, should not be required to either.

Moreover, the Tax Commissioner's construction of R. C. 5711.03 is unreasonable. There is no justification for excluding inventory from the double taxation relief generally provided transferred business assets by R. C. 5711.03. The commissioner's construction would often have this discriminatory effect since, unlike inventory, other business assets are not turned over in the ordinary course of business, and thus can be easily identified at future points in time.

Therefore, we hold that for the year of the transfer of a business or unit thereof, R. C. 5711.03 permits the transferee to exclude from its "probable average value" of inventory that portion of the transferor's listing of average inventory value which relates to the transferred inventory.[5]

The decision of the Board of Tax Appeals is reversed.

*Decision reversed.*

HERBERT, DOWD, SWEENEY, LOCHER and HOLMES, JJ., concur.

CELEBREZZE, C. J., concurs in the judgment.

DOWD, J., of the Fifth Appellate District, sitting for P. BROWN, J.

---

[5] We note two limitations included in this rule. First, the exclusion is limited to inventory associated with transfers of businesses or units thereof, and does not extend to inventory transfers in the ordinary course of business. Second, the transferee can exclude either the transferor's average inventory value associated with the transferred inventory or the value of the inventory actually transferred, whichever is *less*. For example, if a transferor had estimated the average value of its inventory associated with the later transferred unit to be $100 but later transferred only $50 of inventory, then the transferee may exclude only $50 from its "probable average value" of inventory. On the other hand, if the value of the inventory transferred exceeds the transferor's prior estimation associated with the transferred unit, the transferee's exclusion would be limited to the transferor's estimation.