U. S. NUCLEAR CORPORATION, APPELLANT, *v.*
LINDLEY, TAX COMMR., APPELLEE.

[Cite as U.S. Nuclear v. Lindley (1980),
61 Ohio St. 2d 339.]

(No. 79-1147—Decided March 26, 1980.)

340

*Messrs. Squire, Sanders & Dempsey, Mr. Fredrick L. Fisher* and *Mr. William H. Conner,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Mark A. Engel,* for appellee.

*Per Curiam.*   The only issue presented is the proper tax treatment of inventory acquired by USN in the merger on the last day of its fiscal year, November 30, 1974.

R. C. 5711.16 defines a "manufacturer" for purposes of listing property for the personal property tax, and also requires a manufacturer to return its inventory using an average value. It states:

"A person who purchases, receives, or holds personal property for the purpose of adding to its value by manufacturing, refining, rectifying, or combining different materials with a view of making a gain or profit by so doing is a manufacturer. When such person is required to return a statement of the amount of his personal property used in business, he shall include the average value, estimated as provided in this section, of all articles purchased, received, or otherwise held for the purpose of being used, in whole or in part, in manufacturing, combining, rectifying, or refining, and of all articles which

were at any time by him manufactured or changed in any way, either by combining, rectifying, refining, or adding thereto, which he has had on hand during the year ending on the day such property is listed for taxation annually, or the part of such year during which he was engaged in business.***

*"The average value of such property shall be ascertained by taking the value of all property subject to be listed on the average basis, owned by such manufacturer on the last business day of each month the manufacturer was engaged in business during the year, adding the monthly values together, and dividing the result by the number of months the manufacturer was engaged in such business during the year.* The result shall be the average value to be listed.***(Emphasis added.)

There is no dispute by the parties that USN became a manufacturer within the purview of R. C. 5711.16 as of November 30, 1974. The parties agree that the numerator of the fraction specified in the statute is equal to the value of the inventory acquired by USN from ICN-Ohio. The dispute arises over the denominator.

Appellant, in reliance upon *First National Bank of Wilmington* v. *Kosydar* (1976), 45 Ohio St. 2d 101, would construe the phrases "engaged in business" and "engaged in such business" as contained in the emphasized portion of R. C. 5711.16, *supra,* as meaning engaged in *any* business. Although dealing with the construction of R. C. 5711.03, this court stated in *First Natl. Bank, supra,* at pages 105-106:

"The critical language involved herein, 'engages in business', appearing in both R. C. 5711.03 and 5711.04, is a phrase of general application of all types of businesses. Webster's Third New International Dictionary defines the verb 'engage' to mean 'to begin and carry on an enterprise, esp. a business or profession.'

"Nowhere in the relevant statutory provisions did the General Assembly limit or restrict the meaning of the phrase 'engages in business.' If the General Assembly had intended R. C. 5711.03 and 5711.04 to apply to a taxpayer already engaged in *a* business, who then first engages in *another* business, it could easily have so provided. In the construction of a legislative enactment, the question is not what did the

General Assembly intend to enact but what is the meaning of that which it did?***" (Citations omitted; emphasis *sic.*)

At first blush, this construction of "engages in business" would appear to favor appellant's position since it was "engaged in business" in Ohio for 12 months during its 1973-74 fiscal year.

However, appellant's argument fails when the statute is more carefully examined. Under R. C. 5711.16, it is property owned by a *"manufacturer* on the last business day of each month the *manufacturer was engaged in business"* which is critical; and the denominator in the determining fraction, *supra,* is "***the number of months the *manufacturer* was engaged in *such business."* (Emphasis added.) The only logical antecedent of the words "such business" is the business of manufacturing. More importantly, although USN may have been engaged in business during all of fiscal 1973-74, it was not a "manufacturer***engaged in business" until November 30, 1974, since it did not become a manufacturer until that date. Thus, unlike the situation in *First Natl. Bank, supra,* the phrase "engaged in business" makes reference to a manufacturer.

The decision of the board being neither unreasonable nor unlawful is affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

WILLIAM B. BROWN, J., concurring. I agree that the denominator of appellant's 1975 taxable year[1] "manufacturing inventory averaging fraction"[2] should be 1, not 12; and that

---

[1] "Taxable year" is herein a reference to the January 1 to December 31 taxing period adopted by R. C. Chapter 5711.

[2] "Manufacturing inventory" is herein a reference to fungible materials described in R. C. 5711.16 which contribute to value added in manufacturing.

"Manufacturing inventory averaging fraction" is a description of the mechanics in R. C. 5711.16 for estimating a manufacturer's usual amount of manufacturing inventory on hand. The numerator of this fraction includes a series of cumulative entries representing actual end-of-month amounts on hand during the preceding taxing period. The denominator is equal to the number of entries in the numerator, which is ordinarily 12. Similar rules apply to merchandizing inventory. R. C. 5711.15.

the language of R. C. 5711.16 is sufficient to support this result and to distinguish *First National Bank of Wilmington* v. *Kosydar* (1976), 45 Ohio St. 2d 101. However, I believe that the denominator must be 1 because the number of entries in the numerator is 1. Such a correlation inheres in the inventory averaging provisions of R. C. Chapter 5711.

Because ICN-Ohio merged into appellant on November 30, 1974, appellant's tax listing date for its commencing 1975 taxable year, *i.e.*, the taxable year herein at issue, was December 31, 1974. R. C. 5711.03, 5711.101 and Ohio Adm. Code Rule 5703-3-04. For its *1974 taxable year*, appellant was required to file a short-year return, and was permitted to return one-twelfth of the value of its taxable property because eleven-twelfths of the 1974 taxable year had expired prior to the merger. R. C. 5711.03. Moreover, to prevent double taxation, appellant was permitted to exclude from its 1974 taxable personal property ICN-Ohio's 1974 taxable year listing of average inventory value. See *C & R Warehouse* v. *Lindley* (1980), 61 Ohio St. 2d 50.

Only the estimated value of appellant's manufacturing inventory for its commencing *1975 taxable year* is herein at issue. Under R. C. Chapter 5711, fixed assets are generally returned at value as of the tax listing date, *i.e.*, December 31, 1974, for the commencing taxable year. In contrast, to protect the base of the personal property tax, non-fixed assets such as manufacturing inventory are returned on an average basis, as of the same tax listing date.[3] This average is based upon monthly amounts included in "the year ending on the * * *[tax listing date] annually, or the part of such year during which he was engaged in business." R. C. 5711.16.

Appellant's assertion that the denominator of the manufacturing inventory averaging fraction is invariably 12 would usually be harmless, since the fraction's numerator will have 12 entries, unless a certain kind of business transfer has occurred in the immediately preceding taxable year. Absent such a transfer, there is no disagreement as to the fraction's proper application, or that its result would be an estimation of the

---

[3] If inventory were returned at value as of the tax listing date as are fixed assets, a merchant or manufacturer could easily minimize its inventory holdings through well-timed acquisitions and sales.

amount of inventory ordinarily on hand for the commencing taxable year.

In the instant cause, such a transfer occurred during the preceding 1974 taxable year. Thus, the numerator of appellant's manufacturing inventory averaging fraction for taxable year 1975 has only 1 entry because appellant was an Ohio manufacturer for only 1 of the 12 months preceding December 31, 1974. If appellant were permitted to use 12 as the denominator, the fraction would not estimate the average value of appellant's manufacturing inventory on hand for taxable year 1975. It would represent one-twelfth of this estimation. Contrary to fact, the effect would be to assess appellant as if it had short taxable years in both 1974 *and* 1975. Surely, if this fraction is to estimate the value of inventory ordinarily on hand, an equivalence should be maintained between the fraction's denominator and the number of entries in its numerator.

Appellant's suggestion that the denominator of this fraction invariably be 12 implies that the estimated value of a transferee's manufacturing inventory on hand for a commencing taxable year should depend upon *when* during the preceding 12-month period the transfer occurred. The earlier in this period that the transfer occurred, the greater would be the "estimated" value of a transferee's manufacturing inventory for the commencing taxable year, since the numerator of the transferee's fraction would increasingly include additional monthly entries. This approach does not yield an estimate of inventory ordinarily on hand, and cannot be squared either explicitly or implicitly with the statute's averaging provisions.

P. BROWN, J., concurs in the foregoing concurring opinion.