CLEVELAND GEAR CO., F.N.A. DYNA CURE PRECOATED STEEL, INC., APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as Cleveland Gear Co. *v.* Limbach (1988), 35 Ohio St. 3d 229.]

(No. 86-1553—Decided March 9, 1988.)

230

*Jones, Day, Reavis & Pogue, Roger F. Day* and *John L. Kraus,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Mark A. Engel,* for appellee.

*Per Curiam.* Appellant no longer challenges the method of valuation; it maintains that the method denies it equal protection of the laws. Appellant did not raise this constitutional challenge during the proceedings before appellee, but argues that, by raising it with the BTA and presenting the facts which support the constitutional claim before appellee, appellant created a record upon which this court may consider this challenge. Although appellant makes the prefatory statement that R.C. 5711.16 is facially discriminatory, its argument stresses the specific facts of record. Thus, appellant's argument is that the statute is unconstitutional as it applies to the particular state of facts which it has presented. As appellant's argument falls squarely within the syllabus of *Bd.*

*of Edn. of South-Western City Schools* v. *Kinney, supra,* the success of its argument depends upon our review of that decision.

The syllabus of *Bd. of Edn. of South-Western City Schools* v. *Kinney, supra,* provides the following:

"A party that challenges the constitutionality of the application of a tax statute in a particular situation is required to raise that challenge at the first available opportunity during the proceedings before the Tax Commissioner, and the failure to do so constitutes a waiver of that issue."

In that decision, we noted the fundamental distinction between the constitutional application of legislation to particular facts and the facial unconstitutionality of the legislation itself. The latter question is to be decided by considering the Act itself without regard to extrinsic facts. If the Act is challenged on the ground that it is unconstitutional when applied to a particular state of facts, the burden is upon the party making the attack to present clear and convincing evidence of a presently existing state of facts which makes the Act unconstitutional and void when applied thereto. *Belden* v. *Union Central Life Ins. Co.* (1944), 143 Ohio St. 329, 28 O.O. 295, 55 N.E. 2d 629, paragraph six of the syllabus.

In *Bd. of Edn. of South-Western City Schools* we recognized that it would be difficult to develop a factual record necessary to resolve the constitutional issue unless the question was raised at the first available opportunity. Furthermore, the opponent who argues that the statute was ap-plied constitutionally would be denied an opportunity to develop an evidentiary record to show that the statute was constitutionally applied. We also noted, *id.* at fn. 2, that *S. S. Kresge Co.* v. *Bowers* (1960), 170 Ohio St. 405, 11 O.O. 2d 157, 166 N.E. 2d 139,[1] had been overruled by implication in *Petrocon* v. *Kosydar* (1974), 38 Ohio St. 2d 264, 67 O.O. 2d 332, 313 N.E. 2d 373, and *Sun Finance & Loan Co.* v. *Kosydar* (1976), 45 Ohio St. 2d 283, 74 O.O. 2d 434, 344 N.E. 2d 330. We also offered the observation in the same footnote that the constitutional issue is to be raised at the Board of Tax Appeals level, in conflict with the syllabus of the case.

*Kresge, Petrocon* and *Sun Finance* all turned upon the lack of sufficient evidence of record to declare the statute unconstitutional as applied to the particular taxpayer involved. Rather than overrule *Kresge, Petrocon* and *Sun Finance* actually follow the rule established in *Kresge.* While *Kresge* still retains some vitality, it is to be limited to those situations where the challenge is that the statute is facially invalid. Thus, as we noted in *Kresge,* the Board of Tax Appeals is an administrative agency, a creature of statute, and is without jurisdiction to determine the constitutional validity of a statute. Further, since extrinsic facts are not needed to determine that a statute is unconstitutional on its face, the question of whether a tax statute is unconstitutional on its face may be raised initially in the Supreme Court or the courts of appeals, although the question was not previously raised before the Board of Tax Appeals.

---

[1] Paragraphs one and two of the syllabus of *S.S. Kresge Co.* v. *Bowers, supra,* state:

"1.  The Board of Tax Appeals of Ohio is an administrative agency and is without jurisdiction to determine the constitutional validity of a statute.

"2.  Such constitutional question may be raised in this court although not previously raised before the Board of Tax Appeals."

When a statute is challenged on the basis that it is unconstitutional in its application, this court needs a record, and the proponent of the constitutionality of the statute needs notice and an opportunity to offer testimony supporting his or her view.

To accommodate this court's need for extrinsic facts and to provide a forum where such evidence may be received and all parties are apprised of the undertaking, it is reasonable that the BTA be that forum. The BTA is statutorily created to receive evidence in its role as factfinder. R.C. 5717.01 and 5717.02. Since it need not receive evidence upon issues not raised in the notice of appeal to it (*Gochneaur* v. *Kosydar* [1976], 46 Ohio St. 2d 59, 75 O.O. 2d 142, 346 N.E. 2d 320; *Lenart* v. *Lindley* [1980], 61 Ohio St. 2d 110, 15 O.O. 3d 152, 399 N.E. 2d 1222), the question of whether a tax statute is unconstitutional when applied to a particular state of facts must be raised in the notice of appeal to the Board of Tax Appeals, and the Board of Tax Appeals must receive evidence concerning this question if presented, even though the Board of Tax Appeals may not declare the statute unconstitutional.

In the instant case, appellant did specify as error in the notice of appeal to the Board of Tax Appeals that the application of R.C. 5711.16 deprives it of equal protection of the law in violation of the United States and Ohio Constitutions. The parties filed stipulated facts which both parties blend into their arguments and contentions. The question is properly before this court. R.C. 5711.16 states the following:

"A person who purchases, receives, or holds personal property for the purpose of adding to its value by manufacturing, refining, rectifying, or combining different materials with a view of making a gain or profit by so doing is a manufacturer. When such person is required to return a statement of the amount of his personal property used in business, he shall include the average value, estimated as provided in this section, of all articles purchased, received, or otherwise held for the purpose of being used, in whole or in part, in manufacturing, combining, rectifying, or refining, and of all articles which were at any time by him manufactured or changed in any way, either by combining, rectifying, refining, or adding thereto, which he has had on hand during the year ending on the day such property is listed for taxation annually, or the part of such year during which he was engaged in business. * * *

"The average value of such property shall be ascertained by taking the value of all property subject to be listed on the average basis, owned by such manufacturer on the last business day of each month the manufacturer was engaged in business during the year, adding the monthly values together, and dividing the result by the number of months the manufacturer was engaged in such business during the year. The result shall be the average value to be listed. * * *"

Appellant does not dispute that the statute was correctly applied by the appellee. It argues that it was denied equal protection when it was required to divide the total monthly inventories by the four months it was in business while Eaton was permitted to divide the total monthly inventories, which it held for eight months, by the twelve months that it was in business. It argues that Eaton is thus allowed to undervalue its inventory, causing a denial of equal protection to appellant. In support of its argument, it cites *Boothe Financial Corp.* v. *Lindley* (1983), 6 Ohio St. 3d 247, 6 OBR 315, 452 N.E. 2d 1295.

In that case the taxpayer was required to value its property for personal property tax purposes at acquisition cost less depreciation while the manufacturer of the property was permitted to value its property at manufacturing cost less depreciation. Both inventories were essentially identical; however, the initial book cost was higher for the taxpayer. This court held that this disparate treatment of the two taxpayers resulted in a denial of equal protection to the appellant taxpayer. We held that unlawful discrimination may exist by reason of the undervaluation of another's property of the same class.

The situation is different in the instant case. The personal property tax on appellant's inventory is levied upon the average monthly value of inventory held by appellant as of the valuation date. It is not a tax upon the prior inventory of the appellant. Since inventory may vary throughout the year, the value of the inventory is measured by adding the month-ending values of the inventories held by the taxpayer in each month that the taxpayer was in business in the prior year and dividing that sum by the number of months that the taxpayer was in business during that year. The use of these antecedent facts is appropriate as criteria in the statutory operation that values this inventory. *United Engineering & Foundry Co.* v. *Bowers* (1960), 171 Ohio St. 279, 282, 13 O.O. 2d 240, 241-242, 169 N.E. 2d 697, 699. The valuation of appellant's property was appropriate according to the statute. *U.S. Nuclear* v. *Lindley* (1980), 61 Ohio St. 2d 339, 15 O.O. 3d 428, 402 N.E. 2d 1178.

Since Eaton continued in business after the sale of this manufacturing division to the appellant, it paid a tax for its inventory based upon inventory which it no longer held. Had this division been its only manufacturing operation, and had it gone out of business after the sale, Eaton would not owe any tax as it did not hold any property as of December 31, 1980. As it is, Eaton paid a tax for inventory held on December 31, 1980, based upon inventory which it disposed of by sale to appellant on September 1, 1980. Appellant does not have a complaint; it is Eaton that suffers under the application of the statute. The situation is not an undervaluation of the inventory of Eaton vis-a-vis the inventory of appellant. Appellant is paying the tax upon a correct valuation of its inventory; Eaton is paying a tax based upon inventory it no longer holds. Appellant has not been denied equal protection of the law because it has not been unlawfully discriminated against.

Accordingly, the decision of the BTA is hereby affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, LOCHER, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., concurs in judgment only.

HOLMES, J., dissents.