The following appeal arises from the decision of the Columbiana County Court of Common Pleas classifying Donald Woodburn, appellant, as a sexual predator pursuant to R.C. Chapter 2950. For the reasons set forth below, the decision of the trial court is affirmed.
 I. FACTS
On August 10, 1994, a secret indictment was returned against appellant charging him with three counts of rape in violation of R.C. 2907.02(A) (1) (b), an aggravated felony of the first degree, and eight counts of rape in violation of R.C.2907.02(A) (2), also an aggravated felony of the first degree. The indictment stemmed from allegations that appellant had engaged in non-consensual sexual conduct with three children ages 11, 12, and 13 over a three year period of time.
A jury trial was held on November 21, 1994 and appellant was found guilty on nine of the eleven charges. Appellant was sentenced to consecutive sentences of ten to twenty-five years on each count. Appellant appealed and this court affirmed the judgment of the trial court. On July 29, 1997, the case was referred back to the Columbiana County Court of Common Pleas to determine appellant's status as a sexual predator pursuant to R.C. Chapter 2950. Appellant filed a motion to dismiss as well as a motion for a psychological examination as related to the trial court's proceedings. On January 9, 1998, the trial court overruled appellant's motions and determined that appellant should be classified as a sexual predator in accordance with Chapter 2950. Appellant filed a timely notice of appeal from this decision on February 6, 1998. Appellant alleges three assignments of error on appeal.
At the outset, we note that appellee has failed to file a brief in response to the arguments proposed by appellant. Pursuant to App. R. 18 (C), this court is granted the authority to accept appellant's statement of the facts and issues as correct and reverse the judgment of the trial court if appellant's brief reasonably appears to sustain such action. It has come to this court's attention that the state has made a habit of failing to file briefs in cases on appeal with our court. This lack of action on behalf of the state is especially disconcerting when related to such important issues as those contained in the present case.
 II. ASSIGNMENT OF ERROR NO. ONE
Appellant's first assignment of error reads:
 "THE TRIAL COURT ERRED IN FINDING ORC 2950.01 ET SEQ. CONSTITUTIONAL AS APPLIED TO DEFENDANT-APPELLANT, WHO WAS CONVICTED AND SENTENCED PRIOR TO JULY 1, 1997."
Appellant additionally raises four sub-issues for review under his first assignment of error. Appellant's first sub-issue reads:
 "WHETHER THE TRIAL COURT ERRED IN FINDING THAT ORC 2950.01 ET SEQ., AS APPLIED TO APPELLANT, DID NOT VIOLATE THE PROHIBITIONS AGAINST EX POST FACTO LAWS AND/OR RETROACTIVE LAWS FOUND IN THE UNITED STATES AND OHIO CONSTITUTIONS."
In appellant's first sub-issue, it is argued that the provisions of R.C. 2950.01 et seq. retroactively apply to conduct prior to the effective date of the statute in violation of Section 28, Article II of the Ohio Constitution and Section 10, Article I of the United States Constitution. As support for his position, appellant cites to the decision of the Third Appellate District in State v. Cook (Aug. 7, 1997), Allen App. No. 1-97-21, unreported, which found the statute to be unconstitutional on similar grounds.
Subsequent to the filing of appellant's brief, the Ohio Supreme Court has had the opportunity to review theCook decision and address the constitutionality of the statute as related to retroactivity and ex post facto challenges. InState v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court determined that R.C. Chapter 2950 did not violate the Retroactivity Clause of the Ohio Constitution nor did it violate the Ex Post Facto Clause of the United States Constitution. As such, the decision of the Third District Court of Appeals was reversed and the trial court's decision to classify Cook as a sexual predator was reinstated. Based on this holding, appellant's first sub-issue is without merit.
Appellant's second sub-issue reads:
 "WHETHER THE TRIAL COURT ERRED IN FINDING THAT ORC 2950.01 ET SEQ., AS APPLIED TO APPELLANT, DID NOT VIOLATE THE DOUBLE JEOPARDY PROVISION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE COMPARABLE GUARANTEE OF THE OHIO CONSTITUTION."
Appellant next alleges that R. C. Chapter 2950 violates the Double Jeopardy Clauses of the United States and Ohio Constitutions as it allows the State to litigate additional matters arising from the commenced sentence. Furthermore, it is appellant's belief that the process of labeling an individual as a sexual predator serves as a second punishment which is violative of one's constitutionally protected rights.
Under Section 10, Article I, of the Ohio Constitution, "[n]o person shall be twice put in jeopardy for the same offense." Similarly, the Fifth Amendment to the United States Constitution provides that "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb."
In its decision in Hudson v. United States (1997), ___ U.S. ___, 118 S.Ct. 488, 139 L.Ed.2d 450, the United States Supreme Court pronounced:
 "[T]he Double Jeopardy Clause does not prohibit the imposition of any additional sanction that could, 'in common parlance', be described as punishment. * * * The Clause protects only against the imposition of multiple criminal punishments for the same offense, * * * and then only when such occurs in successive proceedings * * *." Id. at 493.
In that the labeling of appellant as a sexual predator clearly occurred in a successive proceeding for the same offense as he was originally sentenced, the determinative issue for our double jeopardy analysis is whether the labeling of appellant and the requirements which attach to this label constitute criminal punishment. This issue was also addressed by the Ohio Supreme Court when it examined R.C. Chapter 2950 inCook, supra. In its analysis of whether R.C. Chapter 2950 violated the Ex Post Facto Clause of the United States Constitution, the Court applied the intent-effects test as set forth in Kansas v. Hendricks (1997), 521 U.S. 346, ___,117 S.Ct. 2072, 2081-2085, 138 L.Ed.2d 501, 514-519, to determine whether the statute was punitive in nature so as to render it unconstitutional.
In its analysis of the statute in Cook, the Court analyzed both the legislative intent behind R.C. Chapter 2950 and the effect the statute had when it was actually applied. As to legislative intent, the Court correctly held that it must look to the language and purpose of the statute in order to determine the intent behind the statute. State v. S.R. (1992),63 Ohio St.3d 590, 594-595. The General Assembly clearly established its intent and purpose when it included the following language under R.C. 2950.02 (B):
 "The general assembly hereby declares that, in providing in this chapter for registration regarding sexual predators, * * * and for community notification regarding sexual predators * * * who are about to be or have been released from imprisonment * * * and who will live in or near a particular neighborhood or who otherwise will live in or near a particular neighborhood, it is the general assembly's intent to protect the safety and general welfare of the people of this state. The general assembly further declares that it is the policy of this state to require the exchange * * * of relevant information about sexual predators * * * among public agencies and officials and to authorize the release in accordance with this chapter of necessary and relevant information about sexual predators * * * to members of the general public as a means of assuring public protection and the exchange or release of that information is not punitive." (Emphasis added.)
As the language clearly reveals, the General Assembly's purpose behind enacting the statute was to promote the safety and general welfare of the people of the state. Nowhere in the statute are words utilized which would indicate that the statute was enacted for punitive purposes. On the contrary, the General Assembly specifically states that the provisions of the statute are "not punitive." As such, it cannot be determined that R.C. Chapter 2950 was intended to serve as criminal punishment.
As to the effects of R.C. Chapter 2950, the Court inCook conducted a lengthy analysis in order to determine any consequences which arise as a result of the registration and notification requirements. Through its analysis, the Court determined that any inconvenience caused by the registration requirements was de minimis in nature and could be equated to other administrative requirements commonly placed upon members of the general public. Cook, supra at 418. Furthermore, the notification requirements impose no burden on appellant as the dissemination of information is conducted solely by law enforcement officials. In the court's opinion, the dictates of R.C. Chapter 2950 do not seek vengeance or retribution but rather are remedial in nature. Id. at 420. Therefore, the court concluded that the statute was nonpunitive in nature and was "reasonably necessary for the intended purpose of protecting the public." Id. at 423.
Consistent with the Ohio Supreme Court's recent decision, this court must hold that the provisions established under R.C. Chapter 2950 do not violate the Double Jeopardy Clause of the Ohio or United States Constitutions. The intent of the General Assembly cannot be construed as encouraging additional criminal punishment beyond that originally handed down by the trial court at the time of sentencing. Additionally, the statute in its application serves solely to fulfill the remedial purpose of informing and protecting the general public. While appellant may suffer a detriment by being labeled a sexual predator, "the sting of public censure does not convert a remedial statute into a punitive one. Id. For the foregoing reasons, appellant's second sub-issue is without merit.
Appellant's third sub-issue reads:
 "WHETHER THE TRIAL COURT ERRED IN FINDING THAT ORC 2950.01 ET SEQ., AS APPLIED TO APPELLANT, DID NOT VIOLATE THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE COMPARABLE GUARANTEE OF ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION."
Appellant makes numerous allegations under this sub-issue as related to a potential violation of the Equal Protection Clause. First, appellant argues that R.C. Chapter 2950 discriminates between sexually oriented offenders who were still incarcerated on the effective date of the statute and those offenders who had been released or were on parole when the statute took effect. Second, appellant alleges that the statute discriminates between offenders sentenced prior to the effective date of R.C. Chapter 2950 and those sentenced after the effective date. Third, appellant does not feel there is justification in labeling sexual offenders while not creating similar labels for repeat offenders of such crimes as aggravated robberies. Finally, appellant raises the argument that the statute infringes upon his fundamental right to privacy and as such should be subjected to strict scrutiny.
A statutory classification that does not involve either a suspect class or a fundamental right does not violate the Equal Protection Clause of the state or federal constitutions so long as it bears a rational relationship to a legitimate government interest. Menefee v. Queen City Metro (1990) 49 Ohio St.3d 27,29. Under the rational basis test, the statute must be upheld unless the classification is completely unrelated to the achievement of the state's purpose. Id. A statutory classification analyzed under the rational basis test will be viewed as violative of equal protection if it treats similarly situated persons in a different manner based upon an irrational or arbitrary basis. Adamsky v. Buckeye Local School Dist.
(1995), 73 Ohio St.3d 360, 362.
Appellant does not allege nor can it be substantiated that prisoners as a group are a suspect classification as related to an equal protection analysis. While appellant alleges that his fundamental right to privacy has been infringed by the statutory classification, the right to privacy has consistently been held to be fundamental only when in the context of marriage, sex and reproduction. Albright v. Oliver (1994),510 U.S. 266, 272, 114 S.Ct. 807, 812, 127 L.Ed.2d 114; State exrel. Plain Dealer Publishing Co. v. Cleveland (1996), 75 Ohio St.3d 31,34. Courts have not found violations of the right to privacy in the sense of damage to one's reputation, which is speculated may result from R.C. 2950.09's registration and notification provisions, to be a fundamental interest triggering strict scrutiny. State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-97031, C-970282 and C-970283, unreported, citing Paul v. Davis (1976), 424 U.S. 693, 712-13,96 S.Ct. 1155, 1166, 47 L.Ed.2d 405. Furthermore, even if the right to privacy could be applied to instances of damage to one's reputation, such would be inapplicable in the present case as it cannot be held that an infringement of the right to privacy occurs under the statutory mandates. The information which is disseminated by public officials is public record and thus cannot be held to be private in nature. Absent the existence of a suspect class or fundamental right, this court must proceed with the equal protection analysis under the rational basis test.
According to R.C. 2950.02 (A) (2), the General Assembly determined that sexual predators and habitual sexual offenders pose a high risk of committing additional sexual offenses even after being released from imprisonment. Furthermore, the General Assembly held that it is of "paramount governmental interest" to protect the members of the public from such individuals. It is irrefutable that the protection of the public from future sex offenses is at the very least a legitimate state interest. Furthermore, the notification and registration requirements established under R.C. Chapter 2950 clearly advance the goal of the General Assembly as members of the public are given warning that a sexual predator or habitual sexual offender is residing in the area. In that a legitimate governmental interest exists and the provisions of the statute are rationally related to and advance said interest, it cannot be found that R.C. Chapter 2950 is violative of the Equal Protection Clause.
Appellant additionally alleges that the statute is unconstitutional as it discriminates between sexual offenders still incarcerated at the time the statute took effect and sexual offenders previously released or on parole. Appellant correctly observes that those individuals already released or on parole will not be subjected to R.C. Chapter 2950 although they may have been found guilty of identical offenses as those individual's still incarcerated. However, it has long been held that the Equal Protection Clause does not forbid statutes to have a beginning effective date thereby discriminating "between the rights of an earlier and later time." State v. Gropp (April 8, 1998), Lorain App. No. 97CA006744, unreported, citing Sperry Hutchinson Co. v. Rhodes (1911), 220 U.S. 502, 505,31 S.Ct. 490, 55 L.Ed. 561, 563. Perfection has never been required when drawing statutory classifications. Dandridge v. Williams
(1970), 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.Ed.2d 491,501-502. A law will not be held to be unconstitutional merely because it makes accommodations in light of practical considerations. Id. While some sexual predators certainly will be overlooked in light of the decision to limit the statute's applicability to those in the system on the statute's effective date, administrative convenience requires that such a structure be utilized.
Finally, despite appellant's contention that the statute is violative of the Equal Protection Clause in that it seeks to label sexual offenders while ignoring other groups of violent felons, such a distinction is permissible. The General Assembly has established a reasonable ground for distinguishing between sexual offenders and other offenders in light of the high rate of recidivism which is particular to sexual offenders.
For the foregoing reasons, it cannot be held that R.C. Chapter 2950 violates the Equal Protection Clause of theFourteenth Amendment of the United States Constitution or Article I, Section 2 of the Ohio Constitution. Therefore, appellant's third sub-issue is without merit.
Appellant's fourth sub-issue reads:
 "WHETHER THE PROVISIONS OF ORC 2950.01 ET SEQ., AS APPLIED TO APPELLANT, ARE UNCONSTITUTIONALLY VAGUE AS TO DEFINITIONS, PROCEDURE, METHOD OF DISCOVERY, ALLOCATION OF BURDEN OF PROOF, AND LACK OF CLEAR AND EXPLICIT STANDARDS, SUCH THAT APPELLANT COULD HAVE NO REASONABLE MEANS OF DEFENDING HIMSELF AGAINST SUCH A CHARGE, NOR IS THE COURT GIVEN ADEQUATE GUIDANCE FOR MAKING ITS DETERMINATION, THUS DENYING DUE PROCESS."
Appellant's final constitutional attack upon R.C. Chapter 2950 alleges that the statute is vague as applied to him because it requires clear and convincing evidence that the offender is likely to engage in sexually oriented offenses in the future while failing to establish minimal scientific standards as guidance for the trial court's ultimate decision. Furthermore, appellant faults the statute for not specifying whether the Criminal or Civil Rules of Discovery apply during sexual predator proceedings. While appellant criticizes the statute for its lack of specificity in this regard, appellant failed to make any type of request for discovery pursuant to either set of rules. Furthermore, appellant offered no evidence and no argument during the sexual predator hearing to contradict a finding that he was likely to commit additional sexual oriented offenses in the future.
When a statute is challenged on the grounds that it is unconstitutional as applied, the burden of proof is upon the attacking party to present clear and convincing evidence of presently existing facts which make the statute void and unconstitutional as applied thereto. Cleveland Gear Co. v.Limbach (1988), 35 Ohio St.3d 229, 231. Moreover, "[a]n enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." Cook, supra at 409 citing State ex rel. Dickmanv. Defenbacher (1955), 164 Ohio St. 142. Despite these well established principles, appellant has made general, unsupported assertions as to the constitutionality of the statute.
In response to appellant's first contention as to the standard of proof during the sexual predator hearing, R. C.2950.09 (B) (2) sets out numerous factors which the trial court must consider in its classification of a defendant. Said factors clearly provide guidance and minimum standards which must be followed by the trial court during its proceedings. Appellant offered nothing at hearing or on appeal which would tend to refute the decision of the trial court or the constitutionality of the statute as applied to him. Absent evidence of such, this court is unable to find that appellant's argument has merit. Limbach, supra. Additionally, while appellant finds fault in the statute's failure to specify which set of discovery rules are applicable during sexual predator proceedings, he has failed to indicate how this prejudiced him during the proceedings. Appellant does not indicate in his argument where he attempted to proceed under either set of rules in an attempt to obtain information from the state. Having failed to present any evidence which would illustrate that the statute is unconstitutional as applied to him, this court must hold that appellant's argument is without merit.
In light of the above discussion, we must determine that all of appellant's constitutional challenges to R.C. Chapter 2950 are without merit. Therefore, appellant's first assignment of error is overruled. This court is aware of the recent decision made by the Eleventh District Court of Appeals in State v.Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, which found R.C. Chapter 2950 to be unconstitutional on grounds that it violated Section 1, Article I of the Ohio Constitution. However, we respectfully disagree with the Eleventh District's opinion in that we feel R.C. Chapter 2950 does not interfere with the rights of individuals, as previously discussed, nor is it unduly oppressive.
 III. ASSIGNMENT OF ERROR NO. TWO
Appellant's second assignment of error reads:
 "THE TRIAL COURT ERRED IN DESIGNATING THE DEFENDANT-APPELLANT A SEXUAL PREDATOR AS THE STATE FAILED TO MEET ITS BURDEN OF PROVING SUCH BY CLEAR AND CONVINCING EVIDENCE."
In appellant's second assignment of error, it is alleged that insufficient evidence was before the trial court to establish by clear and convincing evidence that appellant was likely to commit additional sexually oriented offenses in the future. Appellant alleges that his conduct as established during the trial in 1994 is not indicative of his present state of mind and thus does not support a likelihood of repetition. Furthermore, appellant contends that arguments by the prosecution and reliance upon the trial record are impermissible as hearsay and not admissible during sexual predator hearings.
 A. APPLICABLE LAW
R.C. 2950.09 provides that a person who is convicted of or pleads guilty to a sexually oriented offense may be classified as a sexual predator in accordance with division (B) or (C) of said section. Under R.C. 2950.09 (B) (1), the trial judge must conduct a hearing regarding the sexual predator determination, providing both the prosecutor and the defendant the opportunity to testify, present evidence and witness testimony, and cross examine witnesses. R.C. 2950.09 (B) (2) lists the following factors to be considered by the court in making its determination:
"(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the of fender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct."
After the trial judge has heard the evidence and testimony presented at the hearing pursuant to R.C. 2950.09 (B) (1) and reviewed the factors specified in R.C. 2950.09 (B) (2), the trial court must determine by clear and convincing evidence whether the offender qualifies as a sexual predator. R.C.2950.09 (B) (3). Specifically, the court must decide whether, based upon the evidence and testimony presented, the offender is likely to engage in one or more sexually oriented acts in the future. Clear and convincing evidence has been defined as that measure of proof which is more than a mere preponderance of the evidence but less than the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which would provide in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established.Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121,122.
 B. ANALYSIS
In the case sub judice, the trial court held a hearing specifically on the issue of whether appellant should be classified as a sexual predator. At the hearing, the prosecutor reviewed information for the court regarding several of the factors set forth in R.C. 2950.09 (B) (2). Additionally, the trial judge specifically recognized and itemized on the record all of the factors provided in the statute. While appellant was present at the hearing with counsel, he did not present a shred of evidence or testimony on his own behalf to refute the state's position. Prior to making a determination as to whether appellant should be classified as a sexual predator, the trial court indicated:
 "This case as to what this court believes is relevant here, is you have nine — there are a number of other charges, but nine Counts of Rape conviction, multiple victims in this case, one of which incurred force. And also the criteria of the Defendant being in a position of trust with at least one, but really perhaps with all three, you could say, of the children involved in this case. And the fact that they were children." (Tr. At 13).
The evidence presented to the trial court indicated that appellant continued to be incarcerated as a result of being convicted on nine counts of rape in 1994. All counts which appellant was convicted upon qualified as sexually oriented offenses under R.C. 2950.01 (D). In regards to the factors set forth in R.C. 2950.09 (B) (2), the court was provided information to weigh on a number of the factors. For instance, the victims of the offenses were three children, ages 11, 12 and 13. R.C. 2950.09 (B) (2) (c). At the time the indictment was issued, appellant was thirty years old which is significantly older than all of his victims. R. C. 2950.09 (B) (2) (a). Appellant was found guilty of raping not one but three young children. R.C. 2950.09 (B) (2) (d). In that appellant committed numerous offenses regarding several individuals over the span of three years, such conduct constituted a pattern of abuse. R.C. 2950.09 (B) (2) (h).
As R.C. 2950.09 (B) (2) indicates, the trial judge is not limited to examining only the itemized factors in reaching his decision to classify a defendant as a sexual predator. In addition to the factors outlined, it was brought to the court's attention that some of the offenses involved force on behalf of appellant. Moreover, the court found relevant the fact that one of the victims was in a position of trust with appellant in that she was his step-daughter. Such factors are clearly pertinent in deducing that appellant is likely to commit additional offenses in the future. In addition to the information provided at the hearing, the trial judge acknowledged that he not only conducted appellant's original trial but also had the trial record before him for review before arriving at a conclusion on the matter.
As previously stated, appellant offered nothing in the way of evidence or testimony to refute the belief that he would commit additional offenses in the future. Appellant failed to offer any evidence that he had participated in counseling or testing while in prison in an attempt to deal with his behavior. Additionally, nothing was offered in the way of prison records to illustrate whether appellant had in fact complied with prison policy and avoided being charged with further violations of a sexual nature. In fact appellant did not provide any witness testimony nor did he testify in his own defense.
In light of the overwhelming, uncontroverted evidence presented and reviewed by the trial court, this court must conclude that sufficient evidence was on record to prove by clear and convincing evidence that appellant was likely to commit additional sexual offenses in the future. Additionally, while appellant contends that hearsay is inadmissable at sexual predator hearings, the Ohio Supreme Court has recently held otherwise. In Cook, supra the court found that hearsay is admissible so long as it is reliable due to the fact that sexual predator determination hearings are more along the lines of sentencing or probation hearings. Id. at 425. In that any evidence which could be considered hearsay is substantiated by the record, we hold that the court did not err in admitting or relying upon said evidence. The trial court complied with the statutory requirements set forth in Chapter 2950 and as such, appellant's second assignment of error is without merit.
 IV. ASSIGNMENT OF ERROR NO. THREE
Appellant's third assignment of error reads:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN OVERRULING DEFENDANT-APPELLANT'S MOTION FOR A PSYCHOLOGICAL EXAMINATION."
In appellant's final assignment of error, it is argued that the trial court erred in denying the request for a psychological examination as related to the sexual predator determination hearing. Appellant alleges that the statute mandates the opportunity to call an expert witness. Therefore in the case of an indigent defendant, appellant contends the trial court must appoint an expert to conduct a psychological examination so as to permit appellant to demonstrate that he should not be labeled a sexual predator.
 A. APPLICABLE LAW
Pursuant to R.C. 2950.09 (B) (1):
 "The offender * * * shall have an opportunity to * * * call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator."
Nonetheless, traditionally when dealing with criminal proceedings, there has been no authority for mandating the appointment of an expert witness for an indigent defendant in a non-capital case. State v. Blankenship (1995), 102 Ohio App.3d 534,551, citing State v. Weeks (1989), 64 Ohio App.3d 595,598. Consequently, the standard to be applied is abuse of discretion and this court must determine whether the trial court abused its discretion in overruling appellant's motion for a psychological examination at the state's expense. SeeState v. Scott (1987), 41 Ohio App.3d 313, 314.
In determining whether to grant such a request in a criminal case, the trial court should consider" (1) the value of the expert assistance to the defendant's proper representation * * *; and (2) the availability of alternative devices that would fulfill the same functions as the expert assistance sought."State v. Jenkins (1984), 15 Ohio St.3d 164, paragraph four of the syllabus. Additionally, the indigent defendant bears the initial burden of establishing the reasonableness of his request:
 "At a minimum, the indigent defendant must present the trial judge with sufficient facts with which the court can base a decision. * * * Undeveloped assertions that the proposed assistance would be useful to the defense are patently inadequate." Scott, supra at 315.
 B. ANALYSIS
As previously discussed under sub-issue two of appellant's first assignment of error, sexual predator determination hearings are considered remedial rather than criminal in nature. As such, the standard for determining whether or not to appoint an expert in criminal cases is not applicable to the case at bar. In that the trial court was not dealing with a criminal proceeding, appellant would be more hard-pressed to show a need for the appointing of an expert. However, assumingarguendo that the more accommodating criminal standard were applicable, appellant still would not qualify for an expert witness at the state's expense.
Upon overruling appellant's motion for a psychological examination, the trial court commented:
 "Well, this court has taken the position generally speaking in these cases that this is not an opportunity for retrial of the case. I further agree, and I don't find any particularized need shown other than a psychological evaluation may or may not be of any help. I don't find that to be a need." (Tr. at 6).
As indicated by the trial judge, appellant failed to demonstrate any particularized need for a psychological examination when the matter was addressed at the sexual predator determination hearing. Counsel for appellant did not offer any facts or evidence at the hearing which would support the need for an examination. In fact, appellant's counsel merely asserted that the expert's testimony would be critical while admitting she did not know what the expert would find. (Tr. at 9). Such broad assertions without further support do not substantiate the need for expert testimony under the standard outlined above. Although the statute indicates that appellant shall have the opportunity to call expert witnesses, some need would have to be exhibited before an expert will be appointed at the state's expense. When dealing with criminal proceedings, expert's will not be appointed on the whim of a defendant without proof of need. To permit otherwise would only encourage indigent defendants to request the appointment of experts at every hearing in the hopes of obtaining favorable information. Requiring defendants to illustrate a particularized need has not been shown to create a burden and serves to avoid unnecessary delays in proceedings.
In that appellant has failed to fulfill the more lax standards established for the appointment of an expert in criminal matters, this court is unable to hold that appointing an expert in the remedial proceedings below was necessary. Appellant's third assignment of error is without merit.
For the foregoing reasons, the decision of the trial court is hereby affirmed.
Donofrio, J., concurs.
Waite, J., concurs.
APPROVED:
 ------------------------------- JOSEPH J. VUKOVICH, JUDGE