[Cite as *Unik v. Ohio Dept. of Ins.*, 2016-Ohio-921.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102703**

# THOMAS J. UNIK, III

APPELLANT

vs.

# OHIO DEPARTMENT OF INSURANCE

APPELLEE

**JUDGMENT:**
AFFIRMED

Administrative Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-831173

**BEFORE:** Boyle, J., Keough, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 10, 2016

**ATTORNEYS FOR APPELLANT**

Mitchell J. Yelsky
Angelo F. Lonardo
Yelsky & Lonardo Company, L.P.A.
323 W. Lakeside Avenue
Suite 450
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Mike DeWine
Ohio Attorney General
BY:   Scott Myers
Assistant Attorney General
Health & Human Services Section
30 East Broad Street, 26th Floor
Columbus, Ohio   43215

MARY J. BOYLE, J.:

{¶1} Appellant, Thomas J. Unik, III, appeals from a common pleas court judgment granting the motion to dismiss of appellee, Ohio Department of Insurance ("Department"), and dismissing Unik's administrative appeal. Unik raises one assignment of error for our review:

> The trial court committed reversible error, and denied administrative appellant due process of law, when it dismissed this administrative appeal, without first conducting a de novo evidentiary hearing on appellant's "un-constitutional as applied" argument in opposition to administrative appellee's motion to dismiss the administrative appeal.

{¶2} Finding no merit to his appeal, we affirm the judgment of the common pleas court.

## I. Procedural History and Factual Background

{¶3} On June 27, 2014, the Department sent a certified letter to Unik, who at the time was licensed as a resident insurance agent, notifying him that it had conducted an investigation and found that he had violated various Ohio insurance laws. The Department enclosed a notice of opportunity for hearing, setting forth four allegations of misconduct against Unik. The Department further notified Unik that he "must act within **30 days** from the **date the Department mailed the notice to you**, to preserve your due process rights." (Emphasis sic.) The letter further made clear:

> Please note that if you choose to request a hearing, the request must be received by the Department within thirty (30) days from the date of mailing, as shown by the postmark on the envelope, of this Notice. If you do not request a hearing, then the matter will proceed on its own to the Superintendent of Insurance for a decision based only on the information we have in the file. The Superintendent may impose any sanction

allowed by law including revoking your insurance license or refusing to issue you an insurance license.

**{¶4}** The record reflects that service was perfected on July 2, 2014. But Unik never responded to the letter or requested a hearing. Having never heard from Unik, the superintendent of the Department proceeded to review the allegations and evidence against Unik. On July 28, 2014, the superintendent found the following:

1. On or about June 5, 2013, Unik accepted a premium payment from an insured in the amount of $88,796.00 for policies written by, including but not limited to, Travelers Insurance Company, Torus, Greenwich Insurance Co. and Lloyds. Unik deposited the check into his business account and failed to timely remit the entire premium payment to the respective companies. [Violating R.C. 3905.14(B)(4).]

2. On or about June of 2013, Unik received an application for insurance along with a premium payment. Unik failed to forward the application or premium payment until on or about September 17, 2013. [Violating R.C. 3905.14(B)(15) and 3905.14(F)(2).]

3. On or about August 16, 2013, Unik attempted to pay the remainder premium due. Subsequently, those attempts were unsuccessful due to insufficient funds in Unik's bank accounts. [Violating R.C. 3905.14(B)(9).]

4. On or about April 4, 2013, Unik was indicted on four felony counts including engaging in a pattern of corrupt activity, theft, and having an unlawful interest in public contract. Unik failed to report this criminal prosecution to the Department within the required thirty day time period. [Violating R.C. 3905.22(B) and 3905.14(F)(2).]

**{¶5}** In her findings, order, and journal entry, the superintendent revoked Unik's resident insurance license in the state of Ohio pursuant to the Department's authority under R.C. 3905.14(D). The order also set forth Unik's appeal rights. The

Department sent the order to Unik via certified mail. Service was perfected on August 10, 2014.

{¶6} Unik appealed the order to the common pleas court on August 12, 2014. The Department moved to dismiss Unik's appeal for failure to exhaust his administrative remedies. Unik responded, opposing the Department's motion to dismiss or in the alternative, requesting the matter be remanded to the Department for a hearing. In his response, Unik did not argue that the Department failed to provide him notice as required under R.C. 119.07. Unik maintained, however, that he never received that notice. Unik averred that his wife signed for the original letter notifying him of the allegations against him. Unik claimed that his wife left town soon after she signed for the letter because she was an international flight attendant for United Airlines. Unik further stated that his wife never told him about the certified letter before she left. Unik said that he learned of the matter when he received the Department's order revoking his insurance license, which he immediately appealed.

{¶7} On February 6, 2015, the common pleas court granted the Department's motion to dismiss, finding that Unik failed to exhaust his administrative remedies under R.C. 119.07. It is from this judgment that Unik appealed to this court.

## II. Standard of Review

{¶8} An appeal from an administrative agency in Ohio is governed by R.C. 119.12. *Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571, 589 N.E.2d 1303 (1992). R.C. 119.12(A)(1) states that:

any party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination, or denying the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license, or allowing the payment of a forfeiture under section 4301.252 of the Revised Code may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident.

{¶9}   R.C. 119.12(M) provides in pertinent part:

The [common pleas] court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and any additional evidence the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of this finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law.

{¶10} When reviewing an order entered by an administrative agency, the court of common pleas applies the limited standard of review set forth in R.C. 119.12 and determines whether the order is supported by reliable, probative, and substantial evidence and is in accordance with law.   *Young v. Cuyahoga Work & Training Agency*, 8th Dist. Cuyahoga No. 79123, 2001 Ohio App. LEXIS 3222,*5 (July 19, 2001), citing *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110, 407 N.E.2d 1265 (1980).   When reviewing the common pleas court's determination, the appellate court determines only whether the court abused its discretion in finding whether the agency's order is supported by such evidence.   *Id*., citing *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.*, 63 Ohio St.3d 705, 707, 590 N.E.2d 1240 (1992).   "Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment."   *Id.* at 707.

### III.   Exhaustion of Administrative Remedies

{¶11} In his sole assignment of error, Unik contends that R.C. 119.07 is unconstitutional as applied to "the unique set of facts" of his case.   R.C. 119.07 sets forth the procedures that an administrative agency must follow when providing a party notice and opportunity to be heard before the agency can suspend or revoke the party's state license.   Unik argues that the trial court denied him due process of law when it dismissed his administrative appeal without conducting a de novo evidentiary hearing on "appellant's 'un-constitutional as applied' argument in opposition to administrative appellee's motion to dismiss the administrative appeal."   We disagree.

{¶12} In general, a party must exhaust its administrative remedies prior to appealing an administrative decision to the court of common pleas under R.C. 2506.01. *See Lamar Outdoor Advertising v. Dayton Bd. of Zoning Appeals*, 2d Dist. Montgomery No. 18902, 2002-Ohio-3159, ¶ 17; *Noernberg v. Brook Park*, 63 Ohio St.2d 26, 29, 406 N.E.2d 1095 (1980).   The Ohio Supreme Court has explained, "'[It is] the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" (Alterations sic.)   *Jones v. Chagrin Falls*, 77 Ohio St.3d 456, 462, 674 N.E.2d 1388 (1997), quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638, (1938).

{¶13} The doctrine of exhaustion of administrative remedies is one of judicial abstention.   *Lamar Outdoor Advertising* at ¶ 17.   "The purpose of the doctrine of

exhaustion of administrative remedies is to prevent premature interference with the administrative processes." *Basic Distrib. Corp. v. Ohio Dept. of Taxation*, 94 Ohio St.3d 287, 290, 762 N.E.2d 979 (2002). Moreover, the doctrine allows the administrative body to function efficiently, correct its own errors, and apply its special expertise. *Nemazee v. Mt. Sinai Med. Ctr.*, 56 Ohio St.3d 109, 111, 564 N.E.2d 477 (1990), quoting *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975).

{¶14} Because Unik failed to request a hearing after receiving notice from the Department, he has waived his right to challenge the findings by the Department. *Mays v. Ohio State Dental Bd.*, 8th Dist. Cuyahoga No. 68864, 1996 Ohio App. LEXIS 1972, *12 (May 16, 1996), citing *Noernberg*.

{¶15} Unik further argues that the trial court should have held a hearing to address his argument that R.C. 119.07 was unconstitutional as applied to the particular facts in this case. We disagree.

{¶16} Facial constitutional arguments are not normally within an administrative agency's jurisdiction. *Roosevelt Properties Co. v. Kinney*, 12 Ohio St.3d 7, 8, 465 N.E.2d 421 (1984), citing *S.S. Kresge Co. v. Bowers*, 170 Ohio St. 405, 166 N.E.2d 139 (1960), and *Herrick v. Kosydar*, 44 Ohio St.2d 128, 339 N.E.2d 626 (1975).[1] Thus, a

---

[1]*S.S. Kresge* has been overruled in part by implication in *Petrocon v. Kosydar*, 38 Ohio St.2d 264, 313 N.E.2d 373 (1974), and *Sun Fin. & Loan Co. v. Kosydar*, 45 Ohio St.2d 283, 344 N.E.2d 330 (1976). But *S.S. Kresge's* holding — that facial constitutional challenges may be raised for the first time on appeal — remains valid. *Cleveland Gear Co. v. Limbach*, 35 Ohio St.3d 229, 231, 520 N.E.2d 188 (1988).

challenge to the constitutionality of a statute on its face may be raised for the first time in an administrative appeal. *Cleveland Gear Co. v. Limbach*, 35 Ohio St.3d 229, 520 N.E.2d 188 (1988), paragraph two of the syllabus. But a challenge to the constitutional application of legislation to particular facts must be raised at the first available opportunity during the proceedings before the administrative agency. *Bd. of Edn. of the S.W. City Schools v. Kinney*, 24 Ohio St.3d 185, 494 N.E.2d 1109 (1986), syllabus.

{¶17} In *Bd. of Edn.*, the Ohio Supreme Court noted that "a fundamental distinction must be recognized between the *constitutional application* of legislation to particular facts, and the constitutionality of the legislation itself." (Emphasis added.) *Id.* at 185. The Supreme Court held "that a party [who] challenges the constitutionality of the application of a tax statute in a particular situation is required to raise that challenge at the first available opportunity during the proceedings before the [administrative agency], and a failure to do so constitutes a waiver of that issue." *Id.* at the syllabus.

{¶18} The Supreme Court explained in *Bd. of Edn.*:

Had the equal protection issue * * * been raised during the proceedings before the attorney examiner, it is entirely possible that the city of Columbus would have developed an evidentiary record sufficient to show that the statute was applied constitutionally. By waiting until now to raise the issue, the school board has deprived the city of an opportunity to develop the record on this point. This itself raises due process considerations. Furthermore, the school board's failure to raise the

constitutional issue during the proceedings below has prevented this court from receiving the expert commentary of the Tax Commissioner and the Board of Tax Appeals on the equal protection issue. Finally, this court has repeatedly stated that it reviews decisions of the Board of Tax Appeals on appeal, and that it is not a trier of fact de novo.

*Id.* at 186.

{¶19} Here, Unik challenges the constitutional application, not the constitutionality of the statute itself. Thus, Unik was required to raise his constitutional-as-applied argument before the Department. Unik has therefore waived his right to challenge the constitutionality of R.C. 119.07.

{¶20} Unik further contends that this court has the discretion to address the constitutionality of R.C. 119.07 as applied to the facts of his case. Assuming for the sake of argument that Unik is correct, we decline to do so. Unik failed to develop an evidentiary record to show that R.C. 119.07 was unconstitutional as applied to the facts of his case. Further, Unik's failure to raise this issue to the Department prevented the Department from establishing that R.C. 119.07 was constitutional as applied to the facts of Unik's case. Thus, we decline to address Unik's unconstitutional-as-applied argument.

{¶21} Accordingly, Unik's assignment of error is overruled.

{¶22} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, JUDGE

KATHLEEN ANN KEOUGH, P.J., CONCURS;
SEAN C. GALLAGHER, J., DISSENTS (SEE SEPARATE OPINION)

SEAN C. GALLAGHER, J., DISSENTING:

**{¶23}** I respectfully dissent in this matter because I believe the majority's decision is contrary to concepts of due process and fundamental fairness. I would reverse the decision of the trial court and remand the matter to the trial court for an evidentiary hearing on the due process and constitutional issues that have been raised.

**{¶24}** After 33 years of practice, appellant's professional license as a resident insurance agent was permanently revoked. Although the Ohio Department of Insurance sent a notice of opportunity to be heard pursuant to R.C. 119.07, appellant claims his wife, who is an international flight attendant, signed for the notice and left town without notifying him of the notice.

**{¶25}** The majority finds that appellant failed to exhaust his administrative remedies because he did not request a hearing after receiving notice, and that appellant

was required to raise his constitutional-as-applied challenge before the Department. I do not agree that appellant waived his right to raise due process or constitutional challenges under the circumstances of this case. How could a party ever develop an evidentiary record or exhaust his administrative remedies if he never in fact received notice or the opportunity to do so? An individual must be afforded due process before his property rights can be revoked. *See Sohi v. State Dental Bd.*, 130 Ohio App.3d 414, 422, 720 N.E.2d 187 (1st Dist.1998).

{¶26} Although the signed receipt for delivery of service may have been prima facie evidence of delivery of the notice, a plaintiff may introduce evidence to rebut this evidence and to overcome the presumption. *See Tripodi v. Liquor Control Comm.*, 21 Ohio App.2d 110, 110-111, 255 N.E.2d 294 (7th Dist.1970). Appellant filed with his motion to stay the administrative decision an affidavit containing statements to rebut the presumption of notice.

> The issue then became whether or not appellee had received the required legal notice pursuant to R.C. 119.07. The disposition of the case could not continue until this determination was made. If appellee received legal notice, then all administrative remedies had been exhausted and only the lower court could continue to resolve the matter. If there was no legal notice, then the adjudication orders were void. Based on this reasoning, the additional evidence on the question of notice was properly admitted[.]

{¶27} In re Turner Nursing Home, 10th Dist. Franklin No. 86AP-767, 1987 Ohio App. LEXIS 5729, *5 (Jan. 29, 1987).

{¶28} I would find appellant's failure to exhaust his administrative remedies does not preclude the trial court from hearing the due process and constitutional challenges that have been raised. "On questions of law a common pleas court conducts a de novo review in determining whether the administrative order is 'in accordance with law.'" *K & M Deli, Inc. v. Liquor Control Comm.*, 2011-Ohio-6170, 969 N.E.2d 290, ¶ 6 (10th Dist.), citing *Ohio Historical Soc. v. State Emp. Relations Bd.*, 66 Ohio St.3d 466, 471, 1993-Ohio-182, 613 N.E.2d 591. Given the valuable and protected property rights in appellant's professional license that are at stake, appellant should have been afforded due process of law and an opportunity to develop an evidentiary record for this court's review.

{¶29} For these reasons, I would reverse the decision of the trial court and remand the matter to the trial court for an evidentiary hearing.