Lanzinger, J.,
concurring.
{¶ 78} I concur in the majority’s opinion but write separately to express concerns over its analysis of due process and reliance on our recent decision in Corrigan v. Testa, 149 Ohio St.3d 18, 2016-Ohio-2805, 73 N.E.3d 381. Based upon my reconsideration of that case in light of this one, and upon further reflection, I would overrule Corrigan. I would also presume the constitutionality of the tax assessed against the Legg Trust and hold that the presumption has not been rebutted.
{¶ 79} The trust asserts that imposing a tax on its capital gains violates its due-process rights. Before Corrigan, our analysis would have had a clear starting *394 point: the presumption that the state tax laws and the tax commissioner’s application of them was constitutional. See State ex rel. Ohio Congress of Parents & Teachers v. State Bd. of Edn., 111 Ohio St.3d 568, 2006-Ohio-5512, 857 N.E.2d 1148, ¶ 20 (“legislative enactments are entitled to a strong presumption of constitutionality”). But after Corrigan, the state has the burden to justify imposing the tax and the court must analyze each new case for fine points of distinction from Corrigan. In my view, this change is not merely the ordinary result of applying a recently decided case, it is a distortion of an integral tenet of proper constitutional review—that laws are presumed to be constitutional.
Summary of Corrigan
{¶ 80} Briefly stated, Corrigan involved a nonresident individual who sold his ownership interest in a limited-liability company that did part of its business in Ohio. Under the version of R.C. 5747.212 that applied to the tax year at issue, the state assessed income tax on a portion of the gain from the sale based on the proportion of business activity that the limited-liability company had conducted in this state over three years. We held that the tax imposed under R.C. 5747.212 could not be sustained for two reasons: first, because of the attenuated link between Ohio and the capital gain of a nonresident who did not engage in the underlying business and second, because there was no showing that attributing the gain to Ohio as if it were business income actually related to the values giving rise to the gain. Corrigan at ¶ 36, 48, 68-69.
{¶ 81} In this case, the shareholder that earned capital gains is a trust rather than an individual, and the majority distinguishes Corrigan on the grounds that Legg, the grantor of the trust, was an Ohio resident and participated in the business before the trust sold its shares. I do not disagree with this analysis, but I believe that it ought to be unnecessary. Our holding in Corrigan was not based on any showing made by the taxpayer but rather on our conclusion that the state had not controverted our constitutional concerns about the tax.
{¶ 82} After considering the facts of the instant case, I believe that residency of the trust or the grantor or original involvement with the corporate business should be irrelevant. It ought to be enough that the business assets are connected to Ohio in order to tax part of the gain unless the taxpayer shows particular circumstances that make the exercise of state jurisdiction unreasonable.
{¶ 83} Here, I am persuaded that it is the trust’s status as investor in Ohio assets or an Ohio business that justifies the tax. Because Corrigan controverts that view, I am convinced that we should overrule that decision.
*395 The Galatis standard
{¶ 84} Stare decisis does not prevent us from revisiting Corrigan in this appeal. Because judge-announced constitutional doctrine is, unlike statutory construction, “beyond the power of the legislature to * * * ‘correct,’ ” it is “incumbent on the court to make the necessary changes and yield to the force of better reasoning.” Rocky River v. State Emp. Relations Bd., 43 Ohio St.3d 1, 6, 539 N.E.2d 103 (1989).
{¶ 85} I am not dissuaded by our stringent test for overruling precedent that is set forth in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, paragraph one of the syllabus. First, after Galatis, we have “recognize[d] a considerable degree of merit” in the argument that “stare decisis should be applied with greater flexibility in cases of constitutional adjudication.” Kaminski v. Metal & Wire Prods. Co., 125 Ohio St.3d 250, 2010-Ohio-1027, 927 N.E.2d 1066, ¶ 90-91.
{¶ 86} Second, in any event, the present situation satisfies the Galatis test in that (1) Corrigan was wrongly decided at the time, (2) Corrigan defies practical workability, and (3) abandoning Corrigan would not create an undue hardship for those who have relied on it.

Corrigan—wrongly decided

{¶ 87} Corrigan was wrongly decided because we erroneously focused on whether Corrigan was engaged in the business that the pass-through entity had conducted in Ohio. Instead, we should have focused, as we do here, on the fact that gain from selling an investment in in-state assets and activities can usually be taxed in proper proportion—whether or not the person realizing the gain is a resident or engages in the business.
{¶ 88} No one would dispute, for example, that a nonresident owing an asset located in Ohio—say, real estate in Cleveland—can be taxed on the gain derived from selling that asset. And the mere fact that Ohio assets are owned or activities are conducted through a corporate entity does not bar imposition of the tax. If a nonresident investor is the sole member of a limited-liability company that owns—as its sole asset—the real estate in Cleveland, it makes no difference whether that investor causes the company to sell the real estate, or whether the investor sells the company itself: either way, Ohio may tax the gain because the gain relates to property located in Ohio. We acknowledged this point in Corrigan, when we distinguished a decision of the Louisiana Supreme Court. In that case, the tax was justified because it prevented “avoidance of the Louisiana tax on a capital gain from the sale of a Louisiana asset through a manipulation of corporate forms.” Corrigan, 149 Ohio St.3d 18, 2016-Ohio-2805, 73 N.E.3d 381, at ¶ 58.
*396 {¶ 89} The proper next step in the Corrigan analysis would have been to conclude that because the nonresident, Corrigan, was an almost 80 percent owner of a limited-liability company that conducted a portion of its business in Ohio, Ohio could properly tax that portion of the gain that related either to the Ohio business or to its assets in Ohio.
{¶ 90} But we did not do this. First, we speculated that the gain might not actually relate to the Ohio business, given that the business had suffered losses in the preceding years; the possibility seemed strong that the gain might actually relate to some specific non-Ohio assets. Corrigan at ¶ 48. Second, we read United States Supreme Court precedent as distinguishing between state taxes imposed on those who directly conducted the in-state business activity and taxes imposed on those who merely invested in the business. Id. at ¶ 50-51, 69. In both respects we erred.
{¶ 91} The main error on both points was in failing to presume the constitutionality of Ohio’s tax statutes and the validity of the tax commissioner’s application of them, to the extent that any rebuttal of their constitutionality must meet an enhanced evidentiary standard. See Cleveland Gear Co. v. Limbach, 35 Ohio St.3d 229, 231, 520 N.E.2d 188 (1988) (when tax legislation “is challenged on the ground that it is unconstitutional when applied to a particular state of facts, the burden is upon the party making the attack to present clear and convincing evidence of a presently existing state of facts which makes the Act unconstitutional and void when applied thereto”). More precisely, we should have required Corrigan, the taxpayer in the earlier case, to prove that under the apportionment prescribed by R.C. 5747.212, the income attributed to Ohio for tax purposes was not “ ‘rationally related to “values connected with the taxing state.” ’ ” Hillenmeyer v. Cleveland Bd. of Rev., 144 Ohio St.3d 165, 2015-Ohio-1623, 41 N.E.3d 1164, ¶ 40, quoting Moorman Mfg. Co. v. Bair, 437 U.S. 267, 272-273, 98 S.Ct. 2340, 57 L.Ed.2d 197 (1978), quoting Norfolk & W. Ry. Co. v. Missouri State Tax Comm., 390 U.S. 317, 325, 88 S.Ct. 995, 19 L.Ed.2d 1201 (1968). Without that showing, which Corrigan did not even attempt to make, the tax assessment should have been sustained—particularly in light of the fact that Corrigan’s connection to Ohio was more than that of a minor investor: he was an 80 percent shareholder in a pass-through entity that did part of its business in Ohio and he claimed the benefit of material participation in that business for federal income-tax purposes.
{¶ 92} By extension, the tax assessment against the Legg trust as a 35 percent owner of Total Quality Logistics, Inc., a pass-through entity that conducted an Ohio business and owned Ohio-based assets, should be sustained here inasmuch as the tax is, by statute, already limited to the portion of gain related to that company’s Ohio business or to its physical assets located in Ohio.
*397 Bingham Greenebaum Doll, L.L.P., Mark A. Loyd, Reva D. Campbell, and Bailey Róese, for appellant and cross-appellee.
Michael DeWine, Attorney General, and Daniel W. Fausey, Barton A. Hubbard, and Raina M. Nahra, Assistant Attorneys General, for appellee and cross-appellant.
{¶ 93} It should be the trust’s burden to establish a due-process violation, not the state’s burden to justify imposing the tax in accordance with the statute. In Corrigan, we distorted the presumption, and we should correct that error by overruling that case now.

Corrigan—workability

{¶ 94} Because Corrigan reverses the usual burden regarding the constitutionality of tax statutes, it will defy workability over the long haul. Quite simply, the tax commissioner should be able to enforce state law with the burden being on the taxpayer to prove any constitutional infirmity.
{¶ 95} I am concerned that Corrigan sets the stage for difficulty in later cases. What if Legg had moved out of Ohio before he formed the trust? What if he had ceased his activity in conducting the business a year or more before putting the shares into the trust? As time goes on, the shadow cast by Corrigan will require us to make ever finer and more hypertechnical distinctions that are not themselves required by the statutes.

Corrigan—no reliance

{¶ 96} Finally, I believe that the immediate overruling of Corrigan is appropriate precisely because its precedent is so recent. Our constitutional doctrine should be repaired before the legislature has changed the statutes and private parties have ordered their affairs in reliance on its holding.

Conclusion

{¶ 97} I would overrule Corrigan and hold that the trust has failed to show either that the gain to be taxed lacked a sufficient connection to Ohio or that the statutory allocation does not fairly reflect values associated with the protections afforded by Ohio. I would also reject the due-process challenge in this case because the presumption of the tax’s constitutionality has not been rebutted. In all other respects, I concur in the majority opinion.