OLMSTED FALLS BOARD OF EDUCATION, APPELLANT,
*v.* TRACY, TAX COMMR., ET AL., APPELLEES.

[Cite as *Olmsted Falls Bd. of Edn. v. Tracy* (1996), 76 Ohio St.3d 386.]

(Nos. 95–2449 and 95–2451—Submitted June
27, 1996—Decided August 21, 1996.)

*Kolick & Kondzer, Thomas A. Kondzer* and *John P. Desimone,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Janyce C. Katz,* Assistant Attorney General, for appellee Roger W. Tracy, Tax Commissioner of Ohio.

*Kelley, McCann & Livingstone* and *Carl A. Murway* for appellee Donauschwaben's German American Cultural Center, Inc.

---

*Per Curiam.* The BOE contends that R.C. 5715.27 permits it to file a complaint against the exemption of real property at the time the exemption becomes effective. Thus, the BOE argues that, in this case, the complaints it

filed in December 1992 were filed timely to contest the 1989, 1990 and 1991 exemptions because the exemptions for such years did not become effective until 1992. We disagree.

R.C. 5715.27(B) permits a board of education to request the Tax Commissioner to notify it when an application for exemption is filed for property in its district. Upon receipt of a notice of the filing of an application for exemption, a board of education may file a statement with the commissioner indicating its intent to submit evidence and participate in any hearing on the application. R.C. 5715.27(C). Because the BOE did not notify the Tax Commissioner of its desire to be notified of exemption applications until January 1989, the BOE was not notified of Donauschwaben's 1988 application. However, the BOE presumably was informed by the commissioner of the filing of Donauschwaben's 1990 application, but it failed to file any statement with the commissioner of its intention to participate in any hearings.

Once an exemption has been granted, R.C. 5715.27(E) sets forth the parties who may file a complaint against "the continued exemption of any property." The time limits for the filing of a complaint against exemption are set forth in R.C. 5715.27(F):

"An application for exemption and a complaint against exemption shall be filed prior to the thirty-first day of December of the tax year for which exemption is requested or for which the liability of any property to taxation in that year is requested."

The BOE urges an interpretation of R.C. 5715.27(F) that would recognize the complaints against exemption it filed in 1992 as valid complaints against the exemptions granted for the tax years 1989, 1990 and 1991. We reject the interpretation of R.C. 5715.27(F) urged by the BOE because our review of R.C. 5715.27(F) shows it to be clear, and unequivocal, and must therefore be applied accordingly. *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 105–106, 65 O.O.2d 296, 298, 304 N.E.2d 378, 381. R.C. 5715.27(F) clearly provides that a complaint against exemption must be filed prior to December 31 of the tax year to which the complaint relates. Thus, the BOE's complaints against exemption filed in 1992 are invalid to contest exemptions granted for the tax years 1989, 1990 and 1991.

The decision of the Board of Tax Appeals is reasonable and lawful and, therefore, is affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

STRATTON, J., dissents.

STRATTON, J., dissenting. I respectfully dissent. The board of education had no opportunity to object to the Tax Commissioner's 1992 decision because no hearing was ever held. Therefore, the board of education was never granted its statutory right under R.C. 5715.27(E) to object.