[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 386.]

OLMSTED FALLS BOARD OF EDUCATION, APPELLANT, *v*. TRACY, TAX COMMR.,
ET AL., APPELLEES.

[Cite as *Olmsted Falls Bd. of Edn. v. Tracy*, 1996-Ohio-382.]

*Taxation—Real property—Application for exemption—R.C. 5715.27(F),
construed and applied.*

(Nos. 95-2449 and 95-2451—Submitted June 27, 1996—Decided August 21,
1996.)

APPEALS from the Board of Tax Appeals, Nos. 93-P-1382 and 93-P-1383.

———————————

{¶ 1} In April 1988, appellee Donauschwaben's German American Cultural Center, Inc. ("Donauschwaben") filed an application for real property tax exemption in which it asked that its property be placed on the tax exempt list for 1988, and the unpaid taxes for the second half of 1987 be remitted. During January 1989, the Olmsted Falls Board of Education ("BOE") filed a notice with appellee Tax Commissioner of Ohio, under R.C. 5715.27(B), requesting that it be notified when any applications for exemption from taxation were filed for property within its district.

{¶ 2} On May 29, 1990, the commissioner denied Donauschwaben's 1988 application, and Donauschwaben appealed to the Board of Tax Appeals ("BTA").

{¶ 3} On December 18, 1990, while the 1988 Application was pending before the BTA, Donauschwaben filed another application for exemption for tax year 1990 and remission of taxes for 1989. On May 8, 1992, the BTA reversed the commissioner's denial of exemption for Donauschwaben's 1988 application. Upon remand from the BTA, the commissioner, in a journal entry dated June 24, 1992, granted the 1988 application, thereby exempting the property and ordering remission of taxes paid for tax years 1987 and 1988. In a second journal entry, also

dated June 24, 1992, the commissioner dismissed the 1990 application because the property was already exempt due to the decision on the 1988 application. The property was placed on Cuyahoga County's listing of exempt property in 1992, effective for the tax years 1987 through 1992.

{¶ 4} On December 28, 1992, the BOE filed complaints against exemption with the commissioner objecting to the exempt status of Donauschwaben's property for the tax years 1989, 1990, and 1991. Donauschwaben filed motions to dismiss the complaints on the basis that the BOE's complaints were not filed prior to December 31 of the tax years at issue. The commissioner granted Donauschwaben's motions for these tax years.

{¶ 5} The BOE filed two appeals to the BTA, one for tax years 1989 and 1990 and one for tax year 1991. The BTA affirmed the commissioner's dismissal of both appeals.

{¶ 6} The notices of appeal which the BOE filed with this court (case No. 95-2449 for tax year 1991 and case No. 95-2451 for tax years 1989 and 1990) have been consolidated for hearing and decision.

{¶ 7} These causes are now before this court upon appeals as of right.

*Kolick & Kondzer*, *Thomas A. Kondzer* and *John P. Desimone,* for appellant.

————————————

*Betty D. Montgomery*, Attorney General, and *Janyce C. Katz*, Assistant Attorney General, for appellee Roger W. Tracy, Tax Commissioner of Ohio.

*Kelley, McCann & Livingstone* and *Carl A. Murway* for appellee Donauschwaben's German American Cultural Center, Inc.

————————————

*Per Curiam*.

{¶ 8} The BOE contends that R.C. 5715.27 permits it to file a complaint against the exemption of real property at the time the exemption becomes effective.

2

Thus, the BOE argues that, in this case, the complaints it filed in December 1992 were filed timely to contest the 1989,1990 and 1991 exemptions because the exemptions for such years did not become effective until 1992. We disagree.

{¶ 9} R.C. 5715.27(B) permits a board of education to request the Tax Commissioner to notify it when an application for exemption is filed for property in its district. Upon receipt of a notice of the filing of an application for exemption, a board of education may file a statement with the commissioner indicating its intent to submit evidence and participate in any hearing on the application. R.C. 5715.27(C). Because the BOE did not notify the Tax Commissioner of its desire to be notified of exemption applications until January 1989, the BOE was not notified of Donauschwaben's 1988 application. However, the BOE presumably was informed by the commissioner of the filing of Donauschwaben's 1990 application, but it failed to file any statement with the commissioner of its intention to participate in any hearings.

{¶ 10} Once an exemption has been granted, R.C. 5715.27(E) sets forth the parties who may file a complaint against "the continued exemption of any property." The time limits for the filing of a complaint against exemption are set forth in R.C. 5715.27(F):

"An application for exemption and a complaint against exemption shall be filed prior to the thirty-first day of December of the tax year for which exemption is requested or for which the liability of any property to taxation in that year is requested."

{¶ 11} The BOE urges an interpretation of R.C. 5715.27(F) that would recognize the complaints against exemption it filed in 1992 as valid complaints against the exemptions granted for the tax years 1989,1990 and 1991. We reject the interpretation of R.C. 5715.27(F) urged by the BOE because our review of R.C. 5715.27(F) shows it to be clear, and unequivocal, and must therefore be applied accordingly. *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 105-106, 65

O.O.2d 296, 298, 304 N.E.2d 378, 381. R.C. 5715.27(F) clearly provides that a complaint against exemption must be filed prior to December 31 of the tax year to which the complaint relates. Thus, the BOE's complaints against exemption filed in 1992 are invalid to contest exemptions granted for the tax years 1989, 1990 and 1991.

{¶ 12} The decision of the Board of Tax Appeals is reasonable and lawful and, therefore, is affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

STRATTON, J., dissents.

————————————

**STRATTON, J., dissenting.**

{¶ 13} I respectfully dissent. The board of education had no opportunity to object to the Tax Commissioner's 1992 decision because no hearing was ever held. Therefore, the board of education was never granted its statutory right under R.C. 5715.27(E) to object.

————————————