[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 488.]

STRONGSVILLE BOARD OF EDUCATION, APPELLANT, *v.* ZAINO, TAX COMMR.,
ET AL., APPELLEES.

EHRNFELT, MAYOR OF THE CITY OF STRONGSVILLE, APPELLANT, *v.* ZAINO,
TAX COMMR., ET AL., APPELLEES.

[Cite as *Strongsville Bd. of Edn. v. Zaino*, 2001-Ohio-1269.]

*Taxation—Real property—Application for exemption—R.C. 5715.27, applied—*
*Decisions of Board of Tax Appeals dismissing complaints objecting to*
*application for exemption reasonable and lawful, when.*

(Nos. 00-841 and 00-842—Submitted April 25, 2001—Decided August
15, 2001.)

APPEALS from the Board of Tax Appeals, Nos. 99-A-351 and 99-A-350.

PFEIFER, J.

{¶ 1} These two cases have been combined for oral argument and decision.

*Factual and Procedural Background*

{¶ 2} On July 7, 1998, The Cleveland Clinic Foundation ("Clinic") filed an application with the Tax Commissioner to exempt from taxation certain real property in the Strongsville school district. The commissioner sent a notice dated August 24, 1998, to the Strongsville Board of Education ("BOE"), stating that an application for exemption of the property had been filed. Pursuant to R.C. 5715.27(C), discussed below, the BOE had until November 30, 1998, to file a statement with the commissioner indicating an intent to submit evidence and participate in a hearing on the Clinic's application for exemption; however, the BOE did not submit any statement of intention by the November 30, 1998 deadline.

{¶ 3} On December 29, 1998, the commissioner received letters dated December 28, 1998, from the BOE and Walter F. Ehrnfelt, Mayor of Strongsville ("Ehrnfelt"), objecting to the application for exemption filed by the Clinic. In their

letters, the BOE and Ehrnfelt stated that they were filing a "complaint objecting to the exemption from taxation of real property owned by The Cleveland Clinic Foundation and Royalton Road Joint Venture * * *." In response to a suggestion made in a telephone conversation with the office of the Tax Commissioner that their complaints may be subject to dismissal, the BOE and Ehrnfelt filed additional letters on January 20, 1999. In these letters, the BOE and Ehrnfelt reiterated that their December 28, 1998 letters, filed December 30, 1998, were intended to be complaints under R.C. 5715.27(E) and (F), with particular emphasis on paragraph (F).

{¶ 4} By journal entry of February 8, 1999, the commissioner found that the BOE's December 28, 1998 letter was a complaint filed pursuant to R.C. 5715.27(E) and (F) and dismissed it as premature, stating that "no final determination on the exemption status of the subject property" had been made. The commissioner further noted that since the BOE had not timely filed to submit evidence and participate in the July 7, 1998 application for exemption pursuant to R.C. 5715.27(C), it had no standing to participate in the application for exemption. The commissioner concluded that he lacked jurisdiction to consider the BOE's complaint.

{¶ 5} The commissioner dismissed Ehrnfelt's complaint for the same reasons that he dismissed the BOE's complaint, stating that as filed under R.C. 5715.27(E) it was premature.

{¶ 6} The BOE and Ehrnfelt appealed to the Board of Tax Appeals. The BTA ruled against both the BOE and Ehrnfelt on the basis that R.C. 5715.27(E) permits complaints to be filed " 'against the *continued* exemption of any property' " (emphasis *sic*) and, since the status of the property had not been finally determined, there was no continued exemption against which to file a complaint.

{¶ 7} These causes are now before the court upon appeals as of right.

*Law and Analysis*

**{¶ 8}** The BOE contends that it properly invoked the jurisdiction of the commissioner to participate in the exemption proceedings. We disagree.

**{¶ 9}** The relevant statutes for filing and contesting an application for exemption are R.C. 5715.27(A) through (D). R.C. 5715.27(A) provides that a property owner "may file an application" with the commissioner requesting that the property be exempted from taxation. R.C. 5715.27(B) provides that a board of education may request the commissioner to notify it when an application for exemption is filed for property in its district. R.C. 5715.27(C) provides that a board of education may file a statement with the commissioner and the applicant for exemption, "indicating its intent to submit evidence and participate in any hearing on the application." R.C. 5715.27(C) further provides that the statement indicating a school board's intention to participate in an exemption hearing "shall be filed prior to the first day of the third month following the end of the quarter in which that application was docketed by the commissioner." Here the date certain for filing of the BOE's statement of intent to participate was November 30, 1998 ("filing date").

**{¶ 10}** Pursuant to R.C. 5715.27(C), to participate in this exemption hearing the BOE merely had to send a timely statement to the commissioner and the applicant of its intention to submit evidence and participate in the hearing. However, the BOE did not file any statement of intention to participate by the filing date. When the BOE finally filed its letter on December 29, 1998, it did not even characterize the letter as a notice of intention to participate; instead, it specifically stated that the letter was filed as a "complaint objecting to the exemption from taxation of real property." In its January 12, 1999 letter, filed January 20, 1999, the BOE reiterated that it "has not attempted to untimely file an entry of appearance; instead, a complaint against exemption was filed * * *." However, in the January 12, 1999 letter, the BOE also stated that even if the "complaint is somehow construed to be a request to participate in the property owner's proceeding, the Tax

Commissioner has the authority under R.C. § 5715.27(D) [*sic*] to extend this time for a board of education to file a statement to participate * * *."

{¶ 11} In its appeal to this court, the BOE has dropped any claim that its letters to the commissioner constitute a complaint. Here, the BOE claims that the commissioner should have accepted its letters as a statement of its intent to participate.

{¶ 12} R.C. 5715.27(D) does state that the commissioner "may extend the time for filing a statement under division (C) of this section." Here, the BOE sought not so much an extension of the filing date as it sought a retroactive waiver of the filing date. If the BOE needed additional time to file a statement of intent to participate it could have asked the commissioner for that additional time prior to the expiration of the last date for filing. Were that the case, the BOE's abuse-of-discretion argument might be colorable.

{¶ 13} But here, the BOE made no attempt to extend the filing date until after it had passed. Not until its January 12, 1999 letter did the BOE finally characterize its filing as a statement of intent to participate. At the same time, the BOE first invoked the Tax Commissioner's authority to extend the filing deadline.

{¶ 14} An " 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149. We are convinced that the Tax Commissioner's interpretation of R.C. 5715.27(D) was reasonable, and that his decision was within the contemplation of the statute. We cannot say that he abused his discretion. Moreover, the BOE did not "specifically assign as error" abuse of discretion when it filed its notice of appeal with the BTA, thereby waiving that issue. *Osborne Bros. Welding Supply, Inc. v. Limbach* (1988), 40 Ohio St.3d 175, 178, 532 N.E.2d 739, 742.

**{¶ 15}** In his appeal, Ehrnfelt contends that since he filed his complaint before December 31, 1998, he filed a valid complaint under R.C. 5715.27(E) and (F) against the application for exemption filed by the Clinic. We disagree.

**{¶ 16}** R.C. 5715.27(E) provides:

"A complaint may also be filed with the commissioner by any person, board, or officer authorized by section 5715.19 of the Revised Code to file complaints with the county board of revision against the continued exemption of any property."

**{¶ 17}** R.C. 5715.27(F) provides:

"An application for exemption and a complaint against exemption shall be filed prior to the thirty-first day of December of the tax year for which exemption is requested or for which the liability of any property to taxation in that year is requested * * *."

**{¶ 18}** R.C. 5715.27(E) sets forth two limitations. First, it limits the filing of a complaint to "any person, board, or officer authorized by section 5715.19 of the Revised Code to file complaints with the county board of revision." In referring to R.C. 5715.27(E), this court has stated, "Once an exemption has been granted, R.C. 5715.27(E) sets forth the parties who may file a complaint against 'the continued exemption of any property.' " *Olmsted Falls Bd. of Edn. v. Tracy* (1996), 76 Ohio St.3d 386, 388, 667 N.E.2d 1200, 1201. Second, R.C. 5715.27(E) limits the type of complaint that can be filed to one filed "against the continued exemption of any property." It is this second limitation that Ehrnfelt fails to meet because there was no "continued exemption" against which he could file a complaint.

**{¶ 19}** The term "continued exemption" contained in R.C. 5715.27(E) was added to R.C. 5715.27 in 1982 (Am.Sub.S.B. No. 262, 139 Ohio Laws, Part I, 711, 713). The same "continued exemption" terminology was used again by the General Assembly when it enacted R.C. 5715.271 in 1985 (Am.Sub.H.B. No. 321, 141 Ohio Laws, Part II, 3243, 3245). R.C. 5715.271 states that "[t]he fact that property has

previously been granted an exemption is not evidence that it is entitled to continued exemption." As used in R.C. 5715.271, the terminology "continued exemption" clearly means property that has been previously exempted and continues to be exempt. When that same meaning for "continued exemption" is applied to R.C. 5715.27(E), it limits the filing of complaints to those filed against property that has been previously exempted and continues to be exempt.

{¶ 20} Therefore, the only complaint that can be filed under R.C. 5715.27(E) is a complaint against an existing exemption. R.C. 5715.27(E) does not authorize the filing of a complaint against an *application* for exemption.

{¶ 21} However, it is R.C. 5715.27(F) upon which Ehrnfelt mainly relies. Looking only to R.C. 5715.27(F), Ehrnfelt contends that since he filed a "complaint against exemption" "prior to the thirty-first day of December of the tax year for which exemption is requested or for which the liability of any property to taxation in that year is requested," he met the statutory requirements for filing a valid complaint.

{¶ 22} Ehrnfelt's contention ignores both R.C. 5715.27(E) and the fact that paragraphs (E) and (F) must be read and construed *in pari materia*. Together these paragraphs set forth who can file a complaint, what the complaint can be filed against, and when the complaint must be filed. Both paragraphs require that there be an existing exemption in order to be effective. Neither R.C. 5715.27(E) nor (F) authorizes complaints to be filed against an application for exemption.

{¶ 23} Prior to the 1985 amendment of R.C. 5715.27 in Am.Sub.H.B. No. 321, 141 Ohio Laws, Part II, 3243, 3244, only the applicant for exemption was authorized to participate in an exemption hearing—there was no authority for a school board, or anyone else, to participate. When R.C. 5715.27 was amended in 1985, it gave school boards, upon the timely filing of a statement of intent participate, the right to participate in hearings on applications for exemption. Without the specific authority granted by the 1985 amendment of R.C. 5715.27,

6

even school boards would not be able to participate in a hearing on an application for exemption. Until the right to participate in a hearing on an application for exemption is specifically given to someone other than a school board, no one, including Mayor Ehrnfelt, has a statutory right to participate or submit evidence in a hearing on an application for exemption.

{¶ 24} Ehrnfelt also contends that his right to due process has been violated. However, Ehrnfelt did not raise any constitutional issue of due process in his notice of appeal to the BTA and thus waived the issue. In *Cleveland Gear Co. v. Limbach* (1988), 35 Ohio St.3d 229, 520 N.E.2d 188, this court held: "The question of whether a tax statute is unconstitutional when applied to a particular state of facts must be raised in the notice of appeal to the Board of Tax Appeals   * * *." Paragraph three of the syllabus.

{¶ 25} Therefore, under the facts of this case, neither appellant had the right to participate in the hearing on the Clinic's application for exemption. While Ehrnfelt never had the right to participate, the BOE had the right but failed to exercise it in a timely manner. Accordingly, we find the decisions of the BTA to be reasonable and lawful, and they are hereby affirmed.

*Decisions affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Kolick & Kondzer* and *Daniel J. Kolick*, for appellants.

*Betty D. Montgomery,* Attorney General, *James C. Sauer* and *Janyce C. Katz,* Assistant Attorneys General, for appellee Tax Commissioner.

*Arter & Hadden, L.L.P., Bernard J. Smith* AND *Irene C. Keyse-Walker,* for appellee The Cleveland Clinic Foundation.

_____