OPINION
On May 16, 1997, Charles G. Bigrigg filed a complaint in the Franklin County Court of Common Pleas against Cybex International, Inc. ("Cybex"), and World Gym Fitness Center, Inc. ("World Gym"). Mr. Bigrigg averred that he had been injured when a part of a leg press designed and manufactured by Cybex fell on him while he was working out at World Gym. Mr. Bigrigg set forth claims of negligent design and manufacture, failure to warn and products liability.
The case was tried to a jury and on June 10, 1999, the jury rendered a general verdict in favor of Cybex. On June 16, 1999, the claims against World Gym were dismissed with prejudice. On June 17, 1999, a judgment entry was journalized reflecting the verdict in favor of Cybex. Mr. Bigrigg did not pursue an appeal.
Almost one year later, on June 8, 2000, Mr. Bigrigg filed a motion for relief from judgment and a motion for a new trial. Mr. Bigrigg alleged that issues arose during trial regarding whether Cybex had wrongfully withheld relevant information requested by Mr. Bigrigg during discovery. Mr. Bigrigg's counsel had obtained this information after the trial. In addition, Mr. Bigrigg alleged that the testimony of one of Cybex's witnesses had contradicted the information wrongfully withheld during discovery. Mr. Bigrigg asserted that he was entitled to a new trial or relief from judgment because he had not received a fair trial given the withholding of requested information and the alleged perjured testimony.
Cybex filed a memorandum contra, contending it had properly responded to Mr. Bigrigg's discovery requests and that its witness had truthfully testified and, therefore, Mr. Bigrigg was not entitled to relief from judgment. Mr. Bigrigg filed a reply, and Cybex filed a surreply.
On April 23, 2001, the trial court journalized a judgment entry denying Mr. Bigrigg's motion for a new trial as being untimely and denying Mr. Bigrigg's motion for relief from judgment for failure to meet any of the requirements for the granting of Civ.R. 60(B) motions.
Mr. Bigrigg (hereinafter "appellant") has appealed to this court, assigning the following error for our consideration:
 The Court of Common Pleas erred in Denying Plaintiff's Motion for New Trial after Plaintiff introduced newly discovered evidence of perjury and wrongful withholding of evidence by Defendant.
Appellant first contends that the trial court erred in denying his motion for a new trial. Civ.R. 59(B) states:
 A motion for a new trial shall be served not later than fourteen days after the entry of the judgment.
Here, the judgment entry was journalized on June 17, 1999. Appellant did not file his motion for a new trial until almost one year later on June 8, 2000. Hence, the trial court did not err in denying such motion on the basis it was untimely.
Appellant also contends the trial court erred in denying his Civ.R. 60(B) motion for relief from judgment. Appellant asserts that he should have been granted relief from judgment pursuant to Civ.R. 60(B)(1), (2) and (3). Civ.R. 60(B) states, in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment * * * for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party * * *[.] The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment * * *[.]
The Supreme Court of Ohio set forth the requirements for obtaining relief from judgment in GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
The requirements set forth in GTE Automatic Electric are independent and in the conjunctive, and the test is not met if any one requirement is not met. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. The trial court's ruling on a Civ.R. 60(B) motion is subject only to an abuse of discretion standard. Id. Abuse of discretion has been defined as more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Strongsville Bd. of Edn. v. Zaino (2001), 92 Ohio St.3d 488, 490.
The bases for appellant's motion are that Cybex (hereinafter "appellee") gave false and misleading responses to certain discovery requests, which materially prejudiced him in the preparation of his case, and that appellee gave additional false or misleading testimony at trial. In denying appellant's Civ.R. 60(B) motion, the trial court found that such motion was untimely, that appellee had not wrongfully withheld any material evidence, that there was no materially incorrect testimony at trial and that appellant had not been materially prejudiced.
We conclude that the trial court did not abuse its discretion in finding appellant's motion was untimely. As indicated above, the judgment entry evidencing the jury verdict in favor of appellee was journalized on June 17, 1999. Appellant did not file his Civ.R. 60(B) motion until almost one year later, on June 8, 2000. Motions filed pursuant to Civ.R. 60(B)(1), (2) or (3) must not only be filed within one year of the judgment, but must also be filed within a reasonable time, and courts have found Civ.R. 60(B) motions untimely even though they were filed within one year of judgment. See Morgan v. Dye (Dec. 10, 1999), Franklin App. No. 98AP-414, unreported, citing Adomeit v. Baltimore (1974), 39 Ohio App.2d 97; Hughes v. Ohio Energy Cincinnati, Inc. (June 29, 2001), Greene App. No. 2001-CA-13, unreported; Walnut Equip. Leasing Co., Inc. v. Saah (Feb. 21, 2001), Lorain App. No. 00CA007600, unreported; Hall v. Paragon Steakhouse (July 26, 2000), Lorain App. No. 99CA007443, unreported, discretionary appeal not allowed in (2000),90 Ohio St.3d 1468; and Stickler v. Ed Breuer Co. (Feb. 24, 2000), Cuyahoga App. No. 75176, unreported.
In the case at bar, appellant's counsel informed appellee's counsel on the day after the jury verdict of alleged improprieties during trial and discovery. Approximately three months later, on September 17, 1999, appellant received documents from the U.S. Consumer Products Safety Commission ("U.S. CPSC") pursuant to appellant's earlier Freedom of Information Act request. On October 19, 1999, appellant's counsel forwarded these documents to appellee's counsel. Appellant based his Civ.R. 60(B) motion on these documents. Appellant took no further action until May 31, 2000 when he informed appellee's counsel of his intention to file a motion for relief from judgment and the reasons therefor. Again, such motion was filed on June 8, 2000.
Appellant set forth no explanation for the delay in filing his Civ.R. 60(B) motion for relief from judgment. Appellant was aware of the bases for his Civ.R. 60(B) motion three months after final judgment, yet he waited at least eight months to file the motion. Given this, and the lack of explanation for such delay, we find the trial court did not abuse its discretion in concluding that appellant's Civ.R. 60(B) motion was untimely.
Because we find the trial court did not abuse its discretion in concluding that the Civ.R. 60(B) motion was untimely, there is no need for us to address the remaining requirements under GTE Automatic Electric. However, we do note that even if the trial court had abused its discretion in determining the motion was untimely, it did not abuse its discretion in concluding that appellant failed to show a right to relief under Civ.R. 60(B)(1), (2) or (3) and that appellant did not set forth a meritorious claim.
In support of his assertion that he was entitled to relief under Civ.R. 60(B)(1), (2) and/or (3), appellant claimed that the documents obtained after trial from the U.S. CPSC should have been produced by appellee pursuant to certain discovery interrogatories. During discovery, appellant submitted interrogatories, and appellee responded as follows:
 4. Identify all contractors, firms, or persons who made any safety inspections of any kind on the leg press machine at issue in this case prior to its sale to Defendant WORLD GYM, INC. Attach any and all reports made by such entities or persons which in any way analyzed the safety features or lack thereof on all leg press machines sold by CYBEX INTERNATIONAL, INC. from 1980 to the present.
 ANSWER: Defendant objects to the production of "all reports" made on "all leg press machines sold from 1980 to the present." However, without waiving this objection, the Cybex assembly personnel would inspect the machine when assembling and the Quality Control Department would do a follow-up inspection when necessary or periodically check random machines. There are no reports generated.
 5. Attached [sic] copies of all letters, all legal complaints, all notices from private parties or public agencies, and any and all other documents which in any way gave notice to CYBEX INTERNATIONAL, INC. from 1980 to the present that a person or persons had been injured in the course of using any and all leg press machines sold by CYBEX INTERNATIONAL, INC. during that time frame.
 ANSWER: Defendant objects to information regarding "any and all" leg press machines and subsequent to the date of the injury. However, Defendant is attaching information specifically related to the #5320 leg press machine at issue in this case. Defendant objects to production of letter or legal complaints as requested as these matters are privileged and seek information which is neither relevant, admissible, or calculated to lead to the discovery of admissible evidence.
The documents from the U.S. CPSC do not fall under Interrogatory No. 4. Such interrogatory requested, in essence, the identification of all persons who made any safety inspections of the machine at issue and any reports generated by such persons which analyzed the safety of such machines. One document obtained from the U.S. CPSC was a report sent to the U.S. CPSC by appellee. Such report was not the result of a safety inspection made by appellee, and it did not analyze the safety features on the machine or lack thereof. Appellee had simply voluntarily reported to the U.S. CPSC information it had become aware of regarding injuries sustained on the machines.
The documents also do not fall under the information requested under Interrogatory No. 5, which requested documents that had given appellee notice of any injuries. The items obtained from the U.S. CPSC were not documents giving appellee notice of injuries. Rather, the documents consisted of, essentially, a report generated by appellee which informed the U.S. CPSC of injuries that had occurred on the machine and the U.S. CPSC's response.
In addition, appellant claimed that one of appellee's witnesses perjured herself during trial but the testimony is consistent with the documents obtained from the U.S. CPSC after trial.
Given all of the above, the trial court did not abuse its discretion in concluding that appellant had not set forth an entitlement to relief under Civ.R. 60(B)(1), (2) or (3).
Lastly, the trial court did not abuse its discretion in concluding that appellant had not set forth a meritorious claim. Based on the trial transcript provided to this court, we agree with the trial court that the outcome of the trial would not have been different had appellant had the U.S. CPSC documents prior to trial. For example, the jury was aware of the fact that appellee had voluntarily reported injuries to the U.S. CPSC and that the U.S. CPSC had set forth a course of action for appellee to follow given such injuries.[1] This was the essence of the information contained in the documents obtained after trial.
In summary, the trial court did not abuse its discretion in denying appellant's motion for a new trial and motion for relief from judgment, as both motions were untimely. In addition, the trial court did not abuse its discretion in concluding that appellant had not demonstrated a right to relief under Civ.R. 60(B)(1), (2) or (3) and had not set forth a meritorious claim. Accordingly, appellant's sole assignment of error is overruled.
Having overruled appellant's sole assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
LAZARUS and BRYANT, JJ., concur.
[1] Prior to trial, appellant had been made aware of the prior injuries occurring on the machine(s) at issue.