OPINION
Appellant, Fred Hightower, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to quash a subpoena served on him by plaintiff-appellee, Future Communications, Inc.
In December 1995, appellee obtained a $39,761.11 judgment against appellant's three sons, William, Keith and Kevin, and their corporation, Home Alone Security, Inc. Over the next five years, in its attempt to collect on that judgment, appellee deposed the three sons and two of their wives (collectively referred to as "the Hightowers"), filed multiple non-wage garnishments, and subpoenaed banks and other businesses for a variety of financial documents. In 2000, appellee again deposed the Hightowers. After those depositions, appellee filed a motion to find the Hightowers in contempt for failing to give complete and truthful answers to the questions asked in those depositions. After a hearing in front of a magistrate, the trial court found the Hightowers in contempt for providing evasive, incomplete or untruthful answers during their depositions. The court ordered them to respond truthfully and completely in any future depositions and sanctioned the three sons in an amount totaling $24,394.74. The court allowed the two spouses to purge themselves of the contempt if they would submit to another deposition and answer the questions put to them truthfully and completely. Within a month of this decision, the two spouses were deposed again.
As a result of the information obtained in those depositions, appellee then issued a subpoena duces tecum to appellant, requesting that he bring certain financial documents with him to the deposition. The requested documents all related to financial arrangements or relationships that appellant may have had with his sons. Appellant sought to quash that subpoena, alleging that, as a non-party, the subpoena would subject him to undue burden and harassment. In a decision dated September 27, 2001, the trial court denied appellant's motion, finding that appellee had shown a substantial need for the documents that outweighed any burden imposed upon appellant.
Appellant appeals, assigning the following error:
 THE TRIAL COURT ERRED WHEN IT DID NOT QUASH THE NONPARTY SUBPOENA DUCES TECUM AS BEING UNDULY BURDENSOME AND HARASSING.
Before reaching appellant's alleged error, we first address appellee's contention that the decision denying a motion to quash is interlocutory in nature and not a final appealable order. Appellee's previous motion to dismiss this appeal, based on this same ground, was denied by this court by journal entry, dated January 11, 2002. However, appellee continues to argue that the decision denying the motion to quash is not a final appealable order. This court has held that an order denying a motion to quash subpoena served on a non-party is a final appealable order. Foor v. Huntington Natl. Bank (1986), 27 Ohio App.3d 76, 78. Appellee contends this is not good law anymore, given the more recent decisions of the Ohio Supreme Court in this area. See Polikoff v. Adam (1993), 67 Ohio St.3d 100;Walters v. The Enrichment Ctr. Of Wishing Well, Inc., (1997), 78 Ohio St.3d 118; In re Grand Jury (1996),76 Ohio St.3d 236.
However, the 1998 amendments to R.C. 2505.02, which defines final appealable orders, renders appellee's argument meritless. Those amendments added language to the statute, which indicate that an order denying a motion to quash a subpoena served on a non-party is a final appealable order. R.C. 2505.02(B)(4). This statutory provision provides for an appeal from an order that grants or denies a provisional remedy when both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
A provisional remedy is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." R.C. 2505.02(A)(3). An ancillary proceeding is one that aids another proceeding. Bishop v. Dresser Industries, Inc. (1999),134 Ohio App.3d 321, 324. Appellee has already received a judgment against the Hightowers and this subpoena is an attempt to aid in the collection of that final judgment. Thus, the issuance of a subpoena is a provisional remedy.
Appellee contends that the decision is not a provisional remedy because it does not relate to the discovery of privileged matter. However, the discovery of privileged matter is only one of the examples of ancillary proceedings listed in the statute. By its express terms, the statute does not set forth an all-inclusive listing of these proceedings. Therefore, there can be other ancillary proceedings that are provisional remedies other than those listed in the statute, such as the present proceeding.
The trial court's decision obviously determined the ancillary proceeding, as it denied the motion to quash, and required appellant to comply with the subpoena. Appellant would not have a meaningful or effective remedy by appealing the decision following the final judgment in the action because appellant would have already produced the disputed documents. Appellee argues that appellant can only appeal from an order finding him in contempt. We disagree. As noted above, under the applicable statute, any order granting or denying a provisional remedy is a final appealable order if the statutory requirements are met. Furthermore, one should not have to incur the penalties of contempt in order to pursue an appeal. Cf. Coates v. Ottawa Cty. Bd. Of Revision (2002), 6th Dist. No. OT-01-041.
In addition, other courts of appeals have recently reviewed similar orders and found them to be final and appealable. See Bonewitz v. Red Ferris Chevrolet, Inc. (2001), 9th Dist. No. 01CA0006; Conforte v. LaSalla (2001), 8th Dist. No. 79358; Coates, supra. Therefore, we hold that an appeal from a decision denying a non-party's motion to quash a subpoena is a final appealable order. Accordingly, we will proceed to the merits of appellant's appeal.
In appellant's sole assignment of error, he contends the trial court erred in denying his motion to quash because appellee failed to show a substantial need for the information sought and failed to tender the required fees associated with the service of the subpoena. A trial court enjoys considerable discretion in the regulation of discovery proceedings. Manofsky v. Goodyear Tire Rubber Co. (1990),69 Ohio App.3d 663, 668, citing State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55, 63. Accordingly, we will only reverse the trial court's decision upon a showing that the trial court abused that discretion. Petro v. N. Coast Villas Ltd. (2000), 136 Ohio App.3d 93,96; Bonewitz, supra; Lampe v. Ford Motor Co. (2000), 9th Dist. No. C.A. 19388. An abuse of discretion has been defined as more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Strongsville Bd. of Edn. v. Zaino (2001),92 Ohio St.3d 488, 490.
Procedurally, we note that a party serving a subpoena on a witness residing outside the county in which the court is located must tender the required fees without demand. Civ.R. 45(B). While appellee admits it did not submit the required fees when the subpoena was first served, the trial court found this to be a non-issue, because the fees were subsequently tendered to appellant's counsel and would be re-tendered to the witness upon resolution of appellant's motion. We do not believe the trial court abused its discretion in so holding.
Pursuant to Civ.R. 69, a party in the collection of a judgment may obtain discovery from any party in the manner provided in the civil rules, and Civ.R. 45 allows for a party to subpoena an individual to produce documents or to give testimony. In this case, appellee subpoenaed appellant to produce documents relating to certain financial dealings with his sons. Appellant, pursuant to Civ.R. 45(C)(3)(d), filed a motion to quash the subpoena on the grounds that it would impose an undue burden on him.
Although not relied on by the trial court, it is the movant's initial burden to prove the subpoena would subject him to an undue burden. Civ.R. 45(C)(3)(d); Bonewitz, supra (affirming denial of motion to quash upon movant's failure to support allegation of undue burden); Barbato v. Miller (2000), 8th Dist. No. 76536 (finding movant's affidavit and medical records sufficient to demonstrate undue burden). Appellant did not present sufficient evidence to support his claim of undue burden. The only support for his claim of undue burden was an allegation made in appellant's motion that responding to the subpoena would subject him to significant expense and effort. This does not raise to the level of undue burden. Bonewitz, supra (finding statements that deposition would cause expense and increased high blood pressure not sufficient to show undue burden). In addition, pursuant to Civ.R. 45(C)(4), a motion to quash must be supported by an affidavit from the subpoenaed person or a certificate from their attorney demonstrating the efforts made to resolve any claim of undue burden. Appellant did not provide such an affidavit.
Assuming he had made the required showing of undue burden, the trial court went on to determine whether appellee possessed a substantial need for the documents. When a motion to quash is filed, the trial court "shall quash or modify the subpoena unless the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship." Civ.R. 45(C)(5). The trial court found that appellee demonstrated a substantial need for the requested information. In essence, appellant now claims that appellee failed to show why it could not obtain this information directly from the Hightowers and that the material sought was not relevant. However, given the many attempts appellee had already made at obtaining such information from the Hightowers, and the finding by the trial court that the Hightowers had been less than truthful in those previous attempts, we do not believe the trial court abused its discretion in finding that appellee demonstrated a substantial need for the documents.
Finally, it appears the requested documents could lead to the discovery of relevant and admissible evidence given appellee's collection efforts. The deposition testimony submitted to the trial court demonstrates some connection between appellant and his sons' finances. This is sufficient for discovery of the requested materials. The standard used to determine relevancy for purposes of discovery "`is much broader than the test to be utilized at trial. It is only irrelevant by the discovery test when the information sought will not reasonably lead to the discovery of admissible evidence.'" Tschantz v. Ferguson (1994), 97 Ohio App.3d 693,715, quoting Icenhower v. Icenhower (1975), 10th Dist. No. 75AP-93. Under this broad definition of relevance to be applied in discovery matters, the information sought is relevant.
For the above stated reasons, we find that the trial court did not abuse its discretion in denying appellant's motion to quash a subpoena. Therefore, appellant's single assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and DESHLER, JJ., concur.