OPINION
Defendant-appellant, Susan Kay Todd, nka Queenan, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying her motion for relief from judgment without an evidentiary hearing.
Appellant and plaintiff-appellee, John R. Todd, were married on April 16, 1994. Five days before their marriage, the parties entered into an antenuptial agreement ("the agreement"), which, among other things, provided for the distribution of property should a divorce occur. On April 18, 1997, appellee filed for divorce from appellant and requested that the property of the marriage be distributed according to the terms of the agreement. While admitting that she had signed the agreement, appellant contested the validity of that agreement. Appellant contended that: (1) there was not full disclosure of appellee's assets; (2) there was coercion or duress that induced her to sign the agreement; and (3) she was not provided a meaningful opportunity to consult with an independent attorney before signing the agreement as required under Ohio law. See Gross v. Gross (1984), 11 Ohio St.3d 99; Fletcher v. Fletcher (1994), 68 Ohio St.3d 464, paragraph one of the syllabus.
The trial court held a hearing to determine the validity of the agreement. Based upon the evidence presented at the hearing, the court upheld the validity of the agreement in a decision dated December 31, 1998. The court found that the agreement was not the product of coercion or duress, nor was it overreaching. The court further determined that there was full disclosure of appellee's property before appellant signed the agreement, and that appellant was able to consult with an attorney before signing the agreement. That decision is reflected in a judgment entry filed January 20, 1999.
Having determined that the agreement was valid, the court proceeded to distribute the parties' property in accordance with the terms of the agreement as set forth in its final entry of divorce filed May 13, 1999. On appeal, the trial court's decision was affirmed by this court. Todd v. Todd (2000), 10th Dist. No. 99AP-659.
Subsequently, on June 28, 2001, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B). Appellant requested the trial court to set aside its December 31, 1998 decision, which had found the agreement to be valid. Appellant alleged she only recently discovered that she had not received advice from an independent attorney before signing the agreement but, rather, from a partner of the attorney representing her husband. On August 23, 2001, and without an evidentiary hearing, the court denied appellant's motion on the grounds that appellant failed to state the legal grounds for her motion and failed to allege operative facts warranting relief.
Appellant appeals, assigning the following error:
 THE TRIAL COURT ERRED IN RULING ON THE APPELLANT'S MOTION FOR RELIEF PURSUANT TO RULE 60(B) WITHOUT CONDUCTING AN EVIDENTIARY HEARING.
The Supreme Court of Ohio set forth the requirements for obtaining relief from judgment in GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
Appellant must set forth operative facts which would warrant relief from judgment under this rule. BN1 Telecommunications, Inc. v. Cybernet Communications, Inc. (1997), 118 Ohio App.3d 851, 856. If any one of these requirements are not met, Civ.R. 60(B) relief should not be granted. State ex rel. Richard v. Seidner (1996), 76 Ohio St.3d 149,151. Furthermore, a trial court's ruling on a Civ.R. 60(B) motion will not be disturbed on appeal absent an abuse of discretion. Morgan v. Dye (1998), Franklin App. No. 98AP-414. An abuse of discretion has been defined as more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Strongsville Bd. of Edn. v. Zaino (2001), 92 Ohio St.3d 488, 490.
Appellant alleges that the trial court erred in failing to hold an evidentiary hearing before ruling on her motion. However, a trial court is not required to hold an evidentiary hearing when the motion and attached evidentiary materials do not allege operative facts, which would warrant relief under Civ.R. 60(B). Richard, supra, at 151; Dean v. Dean (1995), 10th Dist. No. 95AP-664.
Appellant alleges that she is entitled to relief pursuant to Civ.R. 60(B) because she only recently discovered the identity of the lawyer with whom she consulted prior to signing the agreement, and that this lawyer was the partner of the attorney representing her husband. This allegation clearly constitutes "newly discovered evidence" which is the second circumstance referenced under Civ.R. 60(B).
A Civ.R. 60(B) motion, based upon newly discovered evidence, must be filed within one year of judgment. Civ.R. 60(B); GTE Automatic Electric, supra. The judgment appellant seeks to set aside was journalized on January 20, 1999. Appellant's Civ.R. 60(B) motion was filed on June 28, 2001 more than two and one-half years after the judgment entry. Although not a basis utilized by the trial court, appellant's motion is clearly time-barred under the express terms of Civ.R. 60(B). There was no need for the trial court to hold an evidentiary hearing.
Apparently, appellant now seeks to avoid the one-year time limit for Civ.R. 60(B) motions based upon newly discovered evidence by contending her motion was made pursuant to the catchall provision contained in the rule. Under the expressed terms of Civ.R. 60(B), the one-year time limit does not apply to the catchall provision. However, the one-year time-bar cannot be avoided in this manner. It is well-established that the catchall provision contained in Civ.R. 60(B) applies only when the basis for the motion does not fall under one of the specific grounds set forth in the rule. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174; see, also, Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, 66. Here, regardless of how appellant attempts to characterize her argument, the basis for her motion was the alleged discovery of new evidence. Because appellant alleges newly discovered evidence, there is "no reason to apply the less specific" catchall provision. Strack, supra. Therefore, the one-year time limit applies and appellant's motion was clearly time-barred.
Even if appellant's motion had not been time-barred, the trial court did not abuse its discretion in denying the motion without a hearing. Civ.R. 60(B) provides for relief due to "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B)." Appellant alleged that she had only recently discovered that the attorney with whom she consulted before signing the agreement was not an independent attorney. Appellant attached to her motion evidence which she contends demonstrates that the attorney she received advice from was Michael L. Moushey, a law partner with appellee's attorney, Chris M. Streifender. The evidence attached consists of: (1) an affidavit from appellant; (2) a precipe, dated September 15, 1997, from the Franklin County Common Pleas Court addressed to Streifender Moushey Co., LPA; (3) a memorandum of lease, dated March 15, 1993, demonstrating Moushey leased Suite C of 4920 Reed Road in Columbus, Ohio from a Jeff Dean; (4) a memorandum of sublease, dated March 20, 1993, demonstrating that Moushey then subleased the same premises to Streifender; and (5) two pages from a Columbus Bar Directory with Streifender and Moushey's names and addresses.
However, appellant failed to allege why she did not, or could not, with due diligence, discover the information that she now presents. Without such a showing, a trial court does not abuse its discretion in denying a motion for relief from judgment without a hearing. Bond v. BancOhio Natl. Bank (1992), 10th Dist. No. 92AP-536. As the trial court noted in its decision, there is no reason that appellant could not have previously discovered the name of the attorney with whom she discussed the agreement for more than an hour. In addition, all of the documents which appellant now presents as "newly discovered evidence" predate the hearing the trial court originally had on the validity of the agreement. Appellant offers no adequate explanation for why this information could not have been discovered long ago with the exercise of reasonable diligence. See Winkfield Brooks Co., LPA v. Pandey (1989), 10th Dist. No. 88AP-481 (denying motion for relief from judgment when movant offered no reason as to why the alleged newly discovered evidence was not available or offered at trial). Further, the submitted evidence does not demonstrate that these two attorneys were partners in the practice of law when the agreement was signed. Therefore, appellant's motion also failed to allege the requisite operative facts to warrant an evidentiary hearing. Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18.
For the reasons stated above, the trial court did not abuse its discretion in denying appellant's motion for relief from judgment without holding an evidentiary hearing. Appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
BRYANT and DESHLER, JJ., concur.